EMMONS G. ELZEY, PLAINTIFF, v. AJAX HEATING COMPANY AND COLUMBIA RADIATOR COMPANY, DEFENDANTS.

Decided February 17, 1932.

Before ELDREDGE, judge of the Circuit Court.

For the plaintiff, *Albert B. Melinck.*

For the defendant Columbia Radiator Company, *Mark Marritz.*

For the defendant Ajax Heating Company, *David F. Greenberg.*

ELDREDGE, C. C. J. Application is made to this court for a declaratory judgment respecting the operation and effect of a certain clause contained in a contract hereinafter referred to.

On December 1st, 1931, the plaintiff entered into a contract with the defendant Ajax Heating Company for the installation by the said defendant of a heating system in the premises

occupied by the plaintiff, for the sum of $800. The said contract was later assigned by the defendant Ajax Heating Company to the Columbia Radiator Company, the other defendant herein. The fifteenth paragraph of the contract above referred to provides as follows:

"It is hereby agreed that the purchaser herein named does hereby waive all rights to defend against the assignee in the event said contract is assigned, on any grounds whatsoever, and especially on the ground of defective work by the contractor or vendors herein named, reserving his rights to proceed against the assignor for any defective work or for any other reason that might constitute a legally sufficient defense to the contract herein set forth."

The plaintiff alleges that the heating system installed under the contract is defective in workmanship and that there is insufficient radiation installed, as a result of which the premises occupied by him are not properly heated. An initial installment has been paid on account of the contract, and a second installment is due on February 25th, 1932.

The plaintiff adopts this method of having the contract construed because he alleges that if he defaults in his payment of February 25th and suit is brought against him by the assignee of the contract, a judgment in favor of said assignee would be for the whole balance due and he would lose the advantage of his right to make installment payments. He, therefore, asks that the clause in the contract above recited be construed, to the end that it be declared invalid to the extent that it precludes the interposition of a defense as against the assignee, on the ground that the said clause is against public policy.

There can be no question that there are certain contracts that are unenforceable at law, and among them are contracts the objects of which are regarded by common law as contrary to pubic policy.

Public policy was defined by Vice-Chancellor Lane in *Driver* v. *Smith et al.*, 89 *N. J. Eq.* 339, as being "that principle of law which holds that no person can lawfully do

that which has a tendency to be injurious to the public or against public good, which may be designated as it sometimes has been, the policy of the law, or public policy in relation to the administration of the law." Tested by this principle, it is difficult to see how the clause in question can be said to be "injurious to the public" or "against public good." It constitutes nothing more than a waiver of a right of action which, without the presence of the clause, the plaintiff would have and to deprive him of the right to agree to such a waiver would, in the judgment of the court, be more against public policy than the enforcement of the clause itself.

In the same authority above mentioned, the vice-chancellor quoted Jessell, Master of Rolls, as saying in *Printing Registering Co.* v. *Sampson,* 19 *Eng. L. & Eq.* 462, 465; 21 *E. R. C.* 696: "It must not be forgotten that you are not to exceed arbitrarily those rules which say that a given contract is void as being against public policy, because if there is one thing which more than any other public policy requires, it is that men of full age and of competent understanding shall have the utmost liberty in contracting and that their contracts, when entered into freely and voluntarily, shall be held sacred and shall be enforced by the courts of justice. Therefore you have this paramount public policy to consider—that you are not lightly to interfere with this freedom of contract."

The court, therefore, determines and declares that the said paragraph, in so far as it precludes a defense by the plaintiff as against the assignee, is valid and effective in law, and that no defense may be interposed by the plaintiff in the event of a suit against him by the defendant Columbia Radiator Company.