471 P.2d 571

Spencer SMITH, Plaintiff-Respondent,

v.

Frank DANIELS, Defendant-Appellant.

No. 10527.

Supreme Court of Idaho.

June 25, 1970.

Denman, Reeves & Oksendahl, Idaho Falls, for defendant-appellant.

William B. Kennedy, Rexburg, for plaintiff-respondent.

McQUADE, Justice.

Plaintiff-respondent, Spencer Smith, commenced this action in the district court in May, 1968, alleging that there had been a partnership in a grocery business at Rexburg, Idaho, between himself and defendant-appellant, Frank Daniels. Smith contended that, under the alleged partnership agreement, he was entitled to a wage of $400 per month, plus fifty per cent of net profits for the period during which he worked in furtherance of the partnership's business, plus an accounting and division of partnership assets. Appellant answered that there had been no partnership and that respondent had been owed only a wage of $400 per month, plus fifty per cent of net profits. After a trial on the merits the district court, sitting without a jury, found that there had been no partnership between Daniels and Smith, that all of the $400 per month earned by Smith had been paid to him, that $2,140.17 represented fifty per cent of the net profit of the business during Smith's tenure, and that the last sum was still owed to Smith. Judgment was rendered accordingly. Daniels has appealed from that judgment; Smith has not. Daniels principle contention is that the evidence fails to show any business profits upon which the trial court could make such a finding.

The grocery business involved in this action was begun during the summer of 1966 as a partnership between Daniels and one Bartley Stowell (not a party to this action). Respondent was hired at the commencement of this enterprise in late June or early July. At that time Stowell and appellant agreed to pay respondent $400 plus fifty per cent of the "net profits" as a wage.

The Stowell-Daniels partnership terminated on or about November 1, 1966; the agreement under which respondent was employed in appellant's grocery business was then renegotiated. Pursuant to the new employment agreement, respondent worked as manager of the store until October 31, 1967. Smith testified that, at the time of the November, 1966, negotiations, $1,100 was owed to him as fifty per cent of the net profits for the period during which he had worked for the partnership. Respondent further asserted that appellant urged him to leave· that money "in the business"· and ' to ·continue to· work for the same $400 per month plus fifty per cent of net profit for salary which he had been earning up to that time. Appellant testified that there had been no net profit for the year 1966 and that respondent did not contribute $1,100 of earned wages to the business in November of that year.

At trial both parties testified concerning their original agreement and what they understood had been meant by the term "net profit." A number of witnesses were called to corroborate the testimony of the parties and to establish the circumstances surrounding the making of the agreement in the period of Smith's employment. Smith introduced profit and loss statements prepared by a certified public accountant, Merrill Rudd. Rudd testified that these statements were primarily prepared from books kept for respondent's grocery business. The profit and loss statements offered by respondent indicated a net profit of $4,077.85 for the last six months of 1966 and $1,802.00 for the first nine months of 1967. Appellant did not present a profit and loss statement or any comparable financial report, nor did he introduce testimony of any accountant.

Both parties, at the trial, concentrated on the question of the existence or non-existence of the alleged partnership. Because the trial court found that no partnership had existed and that finding has not been appealed, we will not discuss that evidence. Nor will we consider in detail all of the evidence presented on the issue of what was paid and owed in money and other remuneration to Smith for wages. It is sufficient to note that the evidence of the parties was in conflict on this point.

The trial court found that the grocery business' net profit for the last six months of 1966 was $4,077.85 and that the net profit for the first ten months of 1967 was $202.49. Appellant in his first three assignments of error, contends that there was not sufficient evidence presented at trial to support the first of these findings.[1] With this contention we cannot agree. Where findings of the trial court are supported by substantial and competent, though conflicting, evidence, such findings will not be disturbed on appeal.[2] The mere fact that it is difficult to arrive at the exact amount of damages where it is shown damages resulted, does not mean that damages may not be awarded and it is for the trier of facts to fix the amount.[3] Appellant's argument before this Court primarily goes to the weight to be accorded the profit and loss statements and the testimony of the accountant introduced by Smith and to inferences which could have been drawn from some of the evidence.

> "The trial judge is the arbiter of conflicting evidence; his determination of the weight, credibility, inference and implications thereof is not to be supplanted by this court's impressions or conclusions from the written record."[4]

We find no error in the trial court's finding that the grocery business' net profit for the last six months of 1966 was $4,077.85.

Appellant also argues that, because he normally withheld employment taxes from Smith's paychecks, he should be able to withhold an amount equal to such taxes due on respondent's judgment for unpaid wages. If, by this argument, appellant means that he is only liable for the amount of wages which respondent would have received in a paycheck, that is "take home" pay, we do not agree with this contention. "Take home" pay represents the total wage owed to an employee less deductions for taxes which he, the employee, owes the government. An employer who withholds taxes does not have the right to retain them, but must remit the amount withheld to the tax collector. The employee is the taxpayer and is the person liable to the government for his income tax and not his employer.[5] Therefore, appellant has no right to subtract income and employment taxes from the judgment. Any language to the contrary in Kingsford v. Bennion[6] is hereby expressly disapproved and overruled.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

1. There is no contention that the finding of 1967 net profit of $202.49 is erroneous.

2. Idaho R.Civ.P. 52(a); Jones v. Big Lost River Irr. Dist., 93 Idaho 227, 229, 459 P.2d 1009, 1011 (1969); Heckman v. Boise Valley Livestock Commission Co., 92 Idaho 862, 864, 452 P.2d 359, 361 (1969); Gardner v. Fliegel, 92 Idaho 767, 771, 450 P.2d 990, 994 (1969); Boise Junior College District v. Mattefs Construction Co., 92 Idaho 757, 761, 450 P.2d 604, 608 (1969).

3. Conley v. Amalgamated Sugar Co., 74 Idaho 416, 423, 263 P.2d 705 (1953); DeWiner v. Nelson, 54 Idaho 560, 566, 33 P.2d 356 (1934).

4. Boise Junior College District v. Mattefs Construction Co., supra note 2; Dunclick, Inc. v. Utah-Idaho Concrete Pipe Co., 77 Idaho 499, 504, 295 P.2d 700 (1956); Conley v. Amalgamated Sugar Co., supra note 3, 74 Idaho, at 422, 263 P.2d at 705.

5. A judgment is taxable as income if it is in lieu of money which would have been taxable income had it not been for the wrongful act of the defendant. See Commissioner of Internal Revenue v. Goldberger's Estate, 213 F.2d 78, 81 (3d Cir. 1954); Swastika Oil & Gas Co. v. Commissioner of Internal Revenue, 123 F.2d 382, 384 (6th Cir. 1941); Rev.Rul. 55-520, C.B. 1955-2, 393; J. Chommie, Federal Income Taxation 29 (1968); Cutler, Taxation of Proceeds of Litigation, 57 Col.L.Rev., 470 passim (1957).

6. 68 Idaho 501, 505, 199 P.2d 625 (1948). We express no opinion on the question of whether appellant is required to withhold employment taxes from this judgment under Int.Rev.Code of 1954, §§ 3101, 3102, 3401, 3402.