475 P.2d 370

Karen B. REARDON, by James M. Reardon, her Natural Guardian, Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD, a corporation, Defendant-Respondent.

No. 10675.

Supreme Court of Idaho.

Oct. 7, 1970.

Terrell, Green, Service & Gasser, Pocatello, for plaintiff-appellant.

**834**

F. L. Ringe, Pocatello, for defendant-respondent.

DONALLSON, Justice.

This is a negligence action for injuries sustained by a twelve year old girl as a result of stepping on a broken glass bottle while walking across the railroad right of way. The trial court, sitting without a jury, found no negligence on the part of the defendant-respondent, Union Pacific Railroad Company, and entered judgment in its favor from which the plaintiff-appellant has taken this appeal.

The pertinent facts are as follows: On September 8, 1967, Karen B. Reardon (plaintiff-appellant), stepped on a piece of broken glass as she started to cross the Union Pacific tracks in the vicinity of Cedar Street in the City of Pocatello. Although the record discloses a conflict in the testimony with respect to whether Karen was walking along an established pathway or through weeds when the accident occurred, the trial court found "that plaintiff was not walking on any path but was walking in weeds."[1] There are no sidewalks or pedestrian walkways on either side of Cedar Street. However, where Cedar Street and the railroad tracks intersect, there is a space where pedestrians can cross the tracks without walking on the roadway (traveled by motor vehicles) and without walking through the weeds. The trial court did find however "That occasionally school children walking along the edge of Cedar Street would cut across defendant's right of way and tracks instead of walking along the edge of Cedar Street."[2] The trial court furthermore found "That the broken bottle was buried down in the weeds and was not found without a diligent search by the plaintiff, James M. Reardon."[3] Thus the trial court concluded:

"That plaintiffs failed to prove any acts of negligence on the part of the defendant, Union Pacific Railroad Company, which proximately caused or contributed to the injury of the plaintiffs."[4]

Karen B. Reardon (plaintiff-appellant) has appealed from the judgment for the defendant and the order of the district court overruling her objections to the findings of fact, conclusions of law, and amendment of judgment.

Appellant's assignments of error can be reduced to the proposition that the district court erred in concluding that appellant (plaintiff) failed to prove negligence on the part of the Union Pacific Railroad Company.

There are certain elements of proof which must be satisfied before a plaintiff may recover on a negligence claim. Actionable negligence consists of a duty or obligation of a defendant to protect a plaintiff from injury, failure to discharge that duty, and injury resulting from the failure. The complaint must disclose the foregoing essentials and the evidence must support them to allow recovery.[5]

1. Finding of Fact No. 9 made by the trial court.

2. Finding of Fact No. 5 made by the trial court.

3. The trial court's Finding of Fact No. 10 was based on the following testimony recited by James M. Reardon (father of the plaintiff):
   "Q. What did you do when you got there?
   A. Well, immediately we thought we could find a glass or broken bottle of some nature. We didn't find any broken bottles so I got down on my hands and knees—

   Q. What did you do while you were on your hands and knees?
   A. I was on my hands and knees and we searched through every place in through there, and we finally located the only broken glass we could find there, and it was buried in the weeds there covered up with some—it looked like they had run some kind of mower over the top and they left the weeds about eight or ten inches high something like that."

4. Conclusion of Law No. 1 made by the trial court.

5. H. J. Wood Co. v. Jevons, 88 Idaho 377, 400 P.2d 287 (1965); see also, Prosser, Law of Torts § 30, p. 146 (3d ed. 1964).

■ The first question then that must be answered is, did the Union Pacific Railroad violate any duty to the injured pedestrian? In considering this question, this Court is not unmindful of the line of decisions which hold that where people may be expected on the right of way or where the railroad property is used constantly by pedestrians, then the railroad company is bound to exercise special care and watchfulness. Anderson v. Great Northern Ry. Co., 15 Idaho 513, 99 P. 91 (1908); Keim v. Gilmore & Pittsburg R.R. Co., 23 Idaho 511, 131 P. 656 (1913); Pro v. Pennsylvania Railroad Co., 390 Pa. 437, 135 A.2d 920 (1957).

■ The evidence in the case at bar clearly demonstrates that Karen B. Reardon was not walking on a "public right of way" which was maintained and operated by the railroad. The testimony and photographs admitted in evidence by the trial court indicate rather that she was walking through weeds[6] about 8 inches in height when she stepped on the piece of broken glass. In light of these facts can it be said that it was customary for people to be in this area and that the railroad was therefore placed on notice of the presence of these pedestrians? Although there is evidence to the contrary, there is competent and substantial evidence indicating that the situs of the injury was not on a route continuously traveled by the public. Cf., Keim v. Gilmore & Pittsburg R.R. Co., supra. Thus the railroad company is not chargeable with notice of the presence of these individuals. See Anderson v. Great Northern Ry. Co., supra; Keim v. Gilmore & Pittsburg R.R. Co., supra.

■ Although, as heretofore stated, the record in this case is not devoid of evidence indicating that the situs of the accident was occasionally traveled by pedestrians, it has long been the rule of this Court that findings of fact made by the trial court which are based on substantial though conflicting evidence, will be sustained on appeal. Conley v. Amalgamated Sugar Co., 74 Idaho 416, 263 P.2d 705 (1953); Boise Junior College District v. Mattefs Construction Co., 92 Idaho 757, 450 P.2d 604 (1968). Based on the foregoing analysis, it is the opinion of this Court that the railroad company, under the circumstances of this case, violated no duty to Karen B. Reardon.

■ It is to be noted that under the doctrine announced by Anderson v. Great Northern Ry. Co., supra, it is not necessary to determine the status (e. g., invitee, licensee, trespasser) of the injured party with respect to the owner of the land.

The two criteria set forth by the Anderson case, viz.,

(1) roadbed (or pathway in the instant case) used constantly by pedestrians;

(2) people expected on the track (on the pathway in the instant case);

are not satisfied by the case at bar since:

(a) the evidence supports the finding of the trial court that Karen B. Reardon was not proceeding along an established pathway or one constantly used by pedestrians;

(b) people were not expected on the route taken by Karen since the evidence supports the findings of the trial court that the "pathway" taken by Karen was covered with weeds. Thus the railroad had no way of informing itself that the public was using this "pathway."

The Court deems it unnecessary to discuss the other two elements which are indispensable to recovery in a negligence suit and their relationship to the case at bar since without first establishing "duty" owed by defendant to plaintiff, even if the other two elements are proved, no recovery can be had.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.

6. See F.N. 3.