495 P.2d 1110

W. W. (Mike) IVIE, Plaintiff-Respondent,

v.

Ross K. PECK and Berdina Peck, husband and wife, Defendants-Appellants.

No. 10481.

Supreme Court of Idaho.

April 10, 1972.

Murphy & Adkins, Shoshone, and Phillip M. Becker, Gooding, for defendants-appellants.

Stephan, Balleisen & Slavin, Twin Falls, for plaintiff-respondent.

McQUADE, Chief Justice.

In the early part of 1964, appellants and respondents discussed having respondent do improvement work on land of appellants. Between September 19, 1964 and September 2, 1965, respondent performed work for appellants that consisted of leveling, clearing, roughing-in, and other improvements upon the land of respondent.

Appellants paid $64.00 on June 16, 1965, and $4,380.00 on October 25, 1965. Respondent claimed the total value of the work performed to be $11,360.50, leaving a balance of $6,916.50 unpaid, plus interest from the date of completion and from the date of the alleged partial payment. Respondent also sought costs and attorney fees.

Within ninety days after completion of the work, respondent filed a lien on appellants' land for the amount allegedly owing. This case was tried to the court sitting without a jury, and on February 20, 1969, findings of facts, conclusions of law and a decree were entered in favor of respondent for the amount for which he prayed plus costs and attorney fees, and also decreeing foreclosure. Defendants appealed from that decree.

■ Appellants' first assignment of error is that the trial court should not have entered its amended finding of fact number three for the reason that it is contrary to the evidence. Appellants contend that exhibit no. 1 was a binding and valid offer to perform work for a certain price which in fact became a contract. Exhibit no. 1 is a letter written about June 10, 1964, stating:

"To whom it may concern. Cost estimate on Ross Peck's ranch. To the best of my knowledge it will take approximately $60.00 per acre to level and do all work necessary to get this ranch in good working order."

Appellants' contention that they owe only $4,380.00 is based on multiplying $60.00 per acre by the then alleged estimate of 73 acres needing work. The trial court found that exhibit no. 1 was not an offer which became a contract to perform the work, but was only an estimate. Testimony adduced at trial on behalf of the respondent supports the trial court's above finding. Respondent testified that appellant stated that he would give respondent $6,200.00 and that if the costs should go over that, they would have to make some other arrangement. Respondent also testified that they did not know how many acres would be worked on at the time of the letter and prior to commencing the job. This testimony indicated that appellants could not subsequently claim that they expected their payment of $4,444.00 to cover the total cost, or that the letter constituted anything more than an estimate. Respondent also testified that the rate quoted in exhibit no. 1 was an *estimate* of the cost to *level* the land. This, respondent stated, did not include such things as roughing-in, clearing trees and other extra work. Also, respondent testified that the letter was prepared at the appellants' request for their use in obtaining financing from the Farmer's Home Administration. This testimony indicates that the letter was not drafted with the intent of being a contract between appellants and respondent.

Respondent further testified that at the appellants' request and while work was still going on, respondent brought his books to appellants to determine what the cost was at that time. The books showed the cost to be $6,800.00 with the work not yet completed. Respondent testified that no objection was made by appellants at this time, the implication being that appellants were aware that the costs would be more than the amount shown on the respondent's books at the time before the work was completed. Exhibit no. 11, admitted by stipulation of the parties, is a statement of account from the respondent to appellants made on July 1, 1965, indicating the appellants were made aware of the total amount of respondent's charges for the year of 1964 as being $8,624.50 and that the interest rate on the account was raised from 6% to 8% as of January 1, 1965. However, no objection was made concerning that figure until the work was completed and a statement of total charges was submitted in September, 1965.

■ Findings made by the trial court which are supported by substantial, competent, though conflicting evidence will not be disturbed on appeal. The credibility of witnesses and weight to be given their testimony is exclusively within the province

of the trial judge.[1] Thus the trial court herein was entitled to and evidently believed and accepted respondent's version of the facts.

■ Appellants next assign error to the trial court's failure to enter appellants' proposed finding of fact number three set out in appellants' amended objections to amended findings of facts and conclusions of law, for the reason that the proposed finding of fact is supported by the evidence.

The appellants' proposed substitution was:

"That in May, 1964 the plaintiff and defendant, Ross Peck viewed the land together, and at that time the plaintiff estimated the work to be done to cost the defendants $4,000, but on June 10, 1964 plaintiff gave to the defendants his written estimate (defendants' Exhibit I) of the cost of leveling the land, based upon the then estimate of 73 acres, which estimate was $60 per acre; that said estimate was in fact a contract between the parties; that plaintiff never discussed with the defendants any hourly charge for use of equipment or labor, other than set out above; that in reliance upon said written contract, the defendants obtained a loan from Farmers Home Administration in the amount of $4380; that the plaintiff, in conformance with this contract, leveled and performed work on the 80 acres of land; that subsequently, a dispute between plaintiff and defendants arose, and the parties agreed that since there were 80 acres instead of 73 and since plaintiff had done work other than leveling that the sum of $6,000 was a fair contract price; that plaintiff, after agreeing to said compromise figure later disavowed his agreement to said figure."

In its amended findings of fact the trial court found, among other things, that exhibit no. 1 was not a bid or offer to perform the labor on the property, but was only an estimate to be used by the appellants in their application to the Farmers Home Administration. The court further found that there was insufficient evidence to establish a definite agreement between the parties as to the rate of compensation. Finally, the court found the reasonable value of the labor and assistance performed to be $11,360.50.

Again, the evidence was conflicting but there was competent evidence to support the findings made by the trial court. It was a proper exercise of its discretion as fact finder for the trial court to reject the appellants' proposed findings regarding the intent, purpose and scope of the letter and use its own.[2]

■ Appellants next assign error to the trial court's failure to enter appellants' proposed finding of fact number six as set out in the appellants' amended objection to the amended findings of fact and conclusions of law for the reason that the proposed finding is supported by the evidence. The proposed finding of fact number six was:

"That defendant's Exhibit I admitted in evidence herein is [a] bid and offer to perform labor on defendant's land and is a valid and existing contract between the parties."

The relevant trial court's findings are set out, *supra*. Again we conclude that there was competent evidence to support those findings.

Appellants finally assign error to the trial court's conclusion of law number one in that it is not supported by the evidence or proper findings of fact. Amended conclusion of law number one was that respondent was entitled to judgment as follows:

"1. For the principal sum of $6,916.50, with interest at the rate of six per cent (6%) per annum upon the sum of $11,296.50 from September 2, 1965 to

1. Huppert v. Wolford, 91 Idaho 249, 420 P.2d 11 (1966); McKenney v. Anselmo, 91 Idaho 118, 416 P.2d 509 (1966); . Fairchild v. Mathews, 91 Idaho 1, 415 P.2d 43 (1966).

2. *Supra*, note 1.

October 25, 1965, and at said rate upon said principal balance thereof of $6,916.50 from October 25, 1965 until date of judgment herein, and for the sum of $1,425.00 attorney's fees herein, and for plaintiff's costs and disbursements in this action."

Again, this conclusion was based on the amended findings of fact which were supported by competent, albeit sometimes conflicting, evidence and it will not be disturbed on appeal.

■ One final issue remains. Respondent asks this Court to allow attorney fees on this appeal should respondent prevail. However, this Court has held that I.C. § 45–513 only authorizes the district court to allow attorney fees for foreclosing liens.[3]

Judgment affirmed. Costs to respondent.

DONALDSON and SHEPARD, JJ., and MAYNARD and HAGAN, District Judges, concur.

---

3. Hendrix v. Gold Ridge Mines, Inc., 56 Idaho 326, 337–338, 54 P.2d 254 (1936).