497 P.2d 1045

**Virgil McPHETERS, Plaintiff-Appellant,**

v.

**Leon HAPKE, Executor of the Estate of Joseph W. Fuld, Deceased, Defendant-Respondent.**

**No. 10683.**

Supreme Court of Idaho.

June 6, 1972.

Lloyd J. Walker of Hepworth, Walker & Depew, Twin Falls, for plaintiff-appellant.

George R. Kneeland of Kneeland & Laggis, Ketchum, for defendant-respondent.

SHEPARD, Justice.

This appeal stems from a contract for the purchase and sale of real estate entered into by Virgil McPheters and Joseph W. Fuld, now deceased. Following the death of Fuld, Leon Hapke, the Executor of the Fuld estate, repudiated the contract on the grounds of Fuld's incompetency at the time of his execution of the contract. This action was instituted by McPheters, and following trial to the court, judgment was entered for the defendant. This appeal resulted.

The contract in question was entered into by McPheters and Fuld on February 8, 1966. It provided for the sale of a commercial lot in Hailey, Idaho, upon which was located a service station. The terms of the contract are unusual. Fuld was enabled to retain possession of the property for as long as he desired and the purchase price was not due or payable until thirty days after Fuld might notify McPheters that Fuld wished to transfer the property. No interest was chargeable on the purchase price. In the event that the possession of the property was not transferred within the lifetime of Fuld it was agreed that the property would be transferred within thirty days after the death of Fuld. The purchase price was $14,000. Fuld's wife had died prior to the execution of the contract and the same property had been appraised in her estate at a sum in excess of $26,700.

At the time of the execution of the contract Fuld was in his late eighties and had recently been widowed. Fuld was unable to care for himself and a niece had been caring for him and his aged sister at Fuld's residence in Hailey for some period of time prior to the contract transaction.

As herein stated, the defendant Hapke as executor of Fuld's estate refused performance of the contract on the ground that Fuld was incompetent to contract at the date of the execution thereof. McPheters filed this action seeking performance of the contract by petitioning the Court for a conveyance of the real property.

Following trial without a jury, the District Court denied plaintiff's petition for conveyance of the real property and found as a fact "the decedent Joseph W. Fuld, at all times on and after February 8, 1966, was mentally incompetent and incapable of entering into a valid and binding contract for the sale of his real property." The sole issue upon this appeal is whether such finding of fact by the trial court was correct, for it is uncontraverted that if such finding was and is correct, the denial of plaintiff's petition was proper. We begin with the premise that:

"* * * it has long been the rule of this Court that findings of fact made by the trial court which are based on substantial though conflicting evidence, will be sustained on appeal." Reardon v. Union Pacific Railroad, 93 Idaho 833, 475 P.2d 370 (1970); Idaho Rules of Civil Procedure, Rule 52(a); Smith v. Daniels, 93 Idaho 716, 471 P.2d 571 (1970).

In Olsen v. Hawkins, 90 Idaho 28, 33, 408 P.2d 462 (1965), the test of mental competency to execute a contract is stated:

"The test of mental capacity to contract is whether the person in question possesses sufficient mind to understand, in a reasonable manner, the nature, extent, character, and effect of the act or transaction in which he is engaged; the law

does not gauge contractual capacity by the standard of mental capacity possessed by reasonably prudent men. It is not necessary to show that a person was incompetent to transact any kind of business, but to invalidate his contract it is sufficient to show that he was mentally incompetent to deal with the particular contract in issue."

■ We note that the standard set forth in Olsen v. Hawkins, *supra,* differs from and is more stringent than the standard required for the execution of a will and that one may be competent to make a will and still be incompetent to execute a particular contract. In re Heazle's Estate, 74 Idaho 72, 257 P.2d 556 (1953); Schwarz v. Taeger, 44 Idaho 625, 258 P. 1082 (1927). Appellant argues that there is an inherent inconsistency in the executor of this estate repudiating a contract which was entered into prior to the execution of the will by the testator herein. The above authorities militate against appellant's contention. Appellant argues that in any event the law of Idaho is inconsistent in continuing the existence of the two varying standards as set forth above and suggests that the above authorities should be overruled and only one standard should exist. We do not agree with appellant's argument and decline adoption of his theory.

■ We need only determine herein whether the evidence before the court supports the court's finding of incompetence. We are led to the conclusion that such finding and the judgment entered thereon was and is supported by substantial and competent evidence even though that evidence was in part controverted. Specifically, there was the following evidence which supported the judgment: a medical witness testified that Fuld had a mental disability in 1965 and was very senile by 1968; various witnesses testified that Fuld appeared at times unaware that his wife had died and that he often confused the past and the present; a business associate testified that Fuld had become very con-

fused as to business matters and at times sent the associate moneys which were not owing; it was testified that Fuld was giving away large sums of money to persons to whom he owed no obligation and at one time gave two checks to the same person with the same check number and amount; there was testimony that Fuld's desk was piled high with years' accumulation of bills, letters and other correspondence of which apparently no care had been taken; there was testimony that Fuld had failed to file income tax returns for several years prior to his death; there was testimony that Fuld had been unable to care for his personal needs and had become confused as to how to perform basic personal tasks; there was testimony that although Fuld had been an experienced and very successful business man in the past, the contract herein as well as other contracts entered into at or about the same time were unusual and financially disadvantageous to Fuld; there was testimony that Fuld became easily disoriented as to time and place and actually became lost and wandered in locations that were strange to him; finally, a guardian was appointed for Fuld in July of 1967.

■ There was conflicting evidence regarding Fuld's competence introduced by the plaintiff, which consisted principally of testimony by several witnesses that they thought Fuld was otherwise competent at the time of the contract. However, balancing all of the evidence and determining which of it, if any, was entitled to weight was the function of the trier of the fact and this court will not interfere with that function save where there has been an abuse of discretion by the trial court.

■ Plaintiff points out that other contractual transactions by Fuld after the date of the contract in question herein have not been set aside. The immediate answer to such assertion is that these contracts are not the subject of this action and, while they too may very well have been executed at a time when Fuld was incompetent, they have not been so challenged by the execu-

tor. We do note, however, that each of the contracts so mentioned also appear to have been less than successful from the standpoint of Fuld and his estate.

The judgment is affirmed. Costs to respondent.

McQUADE, C. J., DONALDSON and BAKES, JJ., and OLIVER, D. J., concur.