508 P.2d 547

Richard JOHNSON et al., Plaintiffs-Respondents,

v.

JOINT SCHOOL DISTRICT NO. 60, BINGHAM COUNTY, State of Idaho, a Body Corporate and Politic, et al., Defendants-Appellants.

No. 11089.

Supreme Court of Idaho.

March 30, 1973.

Dennis M. Olsen, Peterson, Moss, Olsen & Beard, Idaho Falls, for defendants-appellants.

E. W. Pike, Albaugh, Bloem, Smith & Pike, Idaho Falls, for plaintiffs-respondents.

BAKES, Justice.

This action concerns the enforceability of portions of a student dress code promulgated by Joint School District No. 60, Bingham County, Idaho, through its Board of Trustees, who are appellants herein. The specific segment of the code at issue in this appeal provides:

"Any type of clothing or attire which attracts undue attention to the wearer and thus causes a disturbance in the school or in the classroom is not acceptable.

"Girls are expected to wear dresses or skirts which are not more than two inches above the knee . . . ."

This provision has been construed by the Board of Trustees on numerous occasions as proscribing the wearing of slacks, pantsuits, and culottes by female students while in attendance at school.

During the 1971–72 school year, the dress code was challenged by certain patrons of the school district. After public hearings the school board concluded that the dress standard was a proper and desirable one, and reaffirmed it. Thereafter, various students, with the approval of their parents, came to school attired in what was described as "well tailored and neat" slacks or pantsuits and were sent home by school

officials. As a result, on January 7, 1972, respondents herein sought and obtained from the district court an alternative writ of prohibition against the school district and the school board. After an extended trial, the district court ruled in favor of the respondents and entered the peremptory writ of prohibition restraining the school board and the school district from enforcing the regulation against the respondents herein. After denial of a motion for a stay pending appeal, appellants filed this appeal.

Appellants assigns as error the following factual findings:

(1) That the wearing of slacks, pantsuits or culottes to school by a female student does not have a detrimental effect on safety and morals of the students;

(2) that wearing such clothing by female students is not necessarily disruptive of school discipline or the instructional effectiveness of the school;

(3) any disruptive conduct which might arise can be controlled by disciplinary procedures other than to require the wearing of only skirts or dresses by female students;

(4) that there is no reasonable relation between said dress code relating to skirts and dresses only and the educational process; and

(5) that the enactment and enforcement of the dress code by the school district requiring the wearing of skirts and dresses only is unreasonable, capricious and arbitrary.

Appellants also allege that the trial court erred in concluding that the enactment and enforcement of the dress code is in excess of the jurisdiction and authority of the school district, and that the school board and district are without legal authority to deny the plaintiffs the use of the school and educational facilities by reason of their wearing attire consisting of slacks, pantsuits and culottes.

Appellants further assign as error the failure of the trial court to find that the wearing of culottes, slacks or pantsuits by female students results in a detrimental effect on the morals of the students attending the school and upon the educational process; that wearing slacks and pantsuits results in unsafe conditions and safety hazards at the schools; leads to insubordination, rebelliousness and lack of respect for authority; results in loss of respect for, and damage to, school property; results in a detrimental effect upon the general attitude of the students; results in an increased amount of physical contact and familiarity between boys and girls in school surroundings; results in loss of standards of conduct and has a detrimental effect on emotional makeup and problems in the school district. Appellants allege that the foregoing were "conclusively established by undisputed facts."

 It should be pointed out that this case was fully and competently tried and both appellants and respondents produced numerous witnesses who gave conflicting testimony as to the effects of female students wearing culottes, pantsuits and slacks in school. The trial court considered the conflicting testimony and resolved the conflict in favor of plaintiffs-respondents and determined that the wearing of such culottes, pantsuits and slacks was not necessarily disruptive of school discipline or the instructional effectiveness of the school, and had no detrimental effect on the safety or morals of the students attending the school. These factual determinations are based upon substantial competent, though conflicting evidence, and it is a rule of long standing in this Court that such findings of the trial court where based on substantial and competent, though conflicting evidence will not be disturbed on appeal. Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972); Reardon v. Union Pacific R. R., 93 Idaho 833, 475 P.2d 370 (1970); Smith v. Daniels, 93 Idaho 716, 471 P.2d 571 (1970). The weight to be given to a witness's testimony is exclusively within the province of the trial court. Ivie v. Peck, *supra.* Therefore, we conclude that the

trial court did not err in entering the findings of fact which it did, and in rejecting the proposed findings of fact suggested by appellants.

■ Regarding appellants' other assignment of error, i. e., that the court erred in concluding that the enactment and enforcement of the dress code as relating to these students was in excess of the jurisdiction and authority of the school district and the Board of Trustees, and that the district and the school board were without legal right or lawful authority to deny the use of the school and educational facilities of the district to female students by reason of said female students wearing attire consisting of slacks, pantsuits and culottes, the decision of this Court in Murphy v. Pocatello School District No. 25, 94 Idaho 32, 480 P.2d 878 (1971), is instructive. In that case this Court held that the right to wear one's hair in the manner of his choice was a constitutionally protected right of personal taste, and that any regulation of a school board or district interfering with that constitutionally protected right bears a "substantial burden of justification" that the regulation is essential. Appellants have acknowledged both in their brief and in oral argument that our decision in *Murphy* is controlling in this matter. Appellants argue strenuously the statement of the court in that case that ". . . if it is established that the exercise of personal taste, as manifested by personal appearance, has substantially impaired some societal interest, then the state may intervene." Appellants contend that substantial impairment of societal interest was conclusively established by undisputed facts. However, the trial court found otherwise based upon competent though conflicting evidence, and in view of those factual findings that the dress of the students in question is not necessarily disruptive of school discipline or the educational effectiveness, and does not have a detrimental effect on the safety or morals of the students, we are of the view that the appellants have not met the "substantial burden

of justification" set down by this Court in Murphy, *supra*.

The *Murphy* case was decided by a divided court. Justice Shepard did not agree with the *Murphy* decision, nor do I. However, it does represent the opinion of the majority of this Court and thus is the law applicable to this case.

Judged by *Murphy* standards, the trial court correctly issued and made permanent the peremptory writ of prohibition in this matter.

Judgment affirmed. Costs to respondent.

DONALDSON, C. J., and McQUADE and McFADDEN, JJ., concur.

SHEPARD, Justice (specially concurring).

I concur in the result reached by the majority opinion. Plaintiffs herein alleged that the challenged regulation of the school district was unreasonable, capricious and arbitrary. The proof submitted by plaintiffs at trial supported such allegations. The trial court found in favor of the plaintiffs in that regard. In my opinion the allegations of the plaintiffs supported by their proof at trial overcame the presumptive validity of the regulation. On that basis the case was correctly decided by the trial court and by the majority opinion here.

I disagree with the majority opinion that this court's decision in Murphy v. Pocatello School District No. 25, 94 Idaho 32, 480 P.2d 878 (1971) is controlling. *Murphy* stated that in a case of this nature the school district must meet a "substantial burden of justification" in establishing the validity of its regulation. I stated in *Murphy*, and reiterate herein that in my opinion cases of this nature do not involve constitutional or fundamental rights and therefore the traditional presumption of legislative validity remains. In my opinion the school board herein had no "substantial burden of justification" but the burden of overcoming the presumptive validity of the

**320**

school board's regulation rested on the plaintiffs. That burden they successfully carried.

It should be further pointed out that another distinction appears between the case at hand and *Murphy*. In *Murphy* the evidence of the school officials as to the relationship between student dress and behaviorial patterns was uncontradicted. In the case at bar such assertion by the school officials was sharply and successfully contradicted by the evidence of the plaintiffs.