515 P.2d 1013

**W. R. HAFER, Plaintiff-Appellant,**

v.

**Russ HORN and Sally Horn, husband and wife, Defendants-Respondents.**

No. 11052.

Supreme Court of Idaho.

Oct. 31, 1973.

Webb, Pike, Burton & Carlson, Twin Falls, for plaintiff-appellant.

Stephen W. Boller, Hailey, for defendants-respondents.

McFADDEN, Justice.

On May 9, 1968, W. R. Hafer, the plaintiff-appellant, contracted with Russ and Sally Horn, husband and wife, defendants-respondents, to build them a house in the Trail End Subdivision in Blaine County, Idaho, for $23,500. Under the contract the Horns were credited with certain amounts for items they supplied including the lot, fireplace, brick, well, painting, etc., in the total amount of $5,900, leaving a balance ultimately to be paid under the contract of $18,600. Respondents furnished appellant with sketches to be used as the basis for construction of their house. No architect was employed for preparation of detailed plans.

The record discloses that initially the parties were quite informal in planning the house. As stated by the trial court this "started out to be a friendly 'build me a home agreement' along certain general lines, thus saving the costs of an architect and specific plans and specifications." On July 2, 1968, respondents paid appellant $13,000 on the contract price, leaving a balance of $5,600 payable upon completion of the dwelling. Appellant started construction early in the summer and continued work on the house until about September 4, 1968.

Both parties have different versions of what happened after appellant terminated

work on the house. The respondents deny that appellant formally notified them to inspect the house before he left the job; but, appellant claims that the Horns inspected the house, and accepted it. After appellant ceased work on the house and removed his men and equipment from the worksite, the Horns moved in. After the Horns had lived in the place for a few days, they found alleged defects in the construction and workmanship of their home. They complained to appellant about these defects, and in a letter on September 13, 1968, specified some fifteen items allegedly incomplete or unsatisfactory. They advised appellant that final payment for the contract balance would be withheld until he corrected the deficiencies.

Appellant executed and verified a claim of materialman's lien on the premises under date of September 11, 1968, which was recorded September 20, 1968. In his claim of lien, appellant asserted that there was $4,991.85 due him. Appellant timely filed a complaint to foreclose this lien, seeking the balance due, plus attorney fees. The Horns answered the complaint, denying there was any money due and counterclaimed for breach of implied warranty of fitness in the construction of the home, seeking damages in the amount of $6,875.00.

The case was tried to the court sitting without a jury on the issues presented by the pleadings. The trial court entered its findings of fact, conclusions of law and judgment in favor of appellant in the amount of $3,024.62. In the judgment the trial court ordered foreclosure of the materialman's lien. However, the trial court refused to allow the appellant any attorney's fee.

In its findings of fact the trial court found the parties had entered into a contract for construction of a dwelling for the respondents for which the appellant was to be paid $23,950. The trial court further found that respondents were entitled to certain specified credits for items they furnished in the amount of $5,950; that they had paid $13,000 to appellant on the contract; that the parties were obligated to ad-just as between themselves concerning floor coverings; that appellant was entitled to certain allowances for extras in the amount of $443.75, but not entitled to other extras he claimed; that the respondents were entitled to offsets arising from either materials and labor they had to furnish which appellant should have furnished under the contract terms, and that respondents were entitled also to offsets for defects in the performance of the contract by the appellant. The trial court then calculated the respective credits and debits and arrived at a balance still due the appellant of $3,024.62. Following entry of the judgment appellant perfected this appeal.

Three issues are presented by this appeal. The first issue is whether the trial court erred in allowing respondents to measure their damages in terms of repair costs. Pertinent to this damage issue is whether the trial court erred in applying a warranty of fitness by allowing a setoff for items neither warranted nor properly installed. The next issue is whether the trial court erred in computing the judgment. The third issue is whether the trial court erred in not allowing an attorney's fee upon entry of judgment of foreclosure in this action.

Concerning the district court's measure of damages and allowance of offsets for breach of implied warranty of fitness against the contract price, it is our conclusion that the appellant misinterpreted what the trial court did in entering its findings of fact, conclusions of law and judgment.

In resolution of the issues presented by the pleadings, the trial court attempted to determine how much the respondents owed to the appellant by reason of non-payment of the full amount agreed upon in the written contract. The trial court then simply attempted to determine which of the numerous deficiencies claimed by respondent were in fact not in conformity with the agreement of the parties. In the contract appellant agreed "to furnish all the materials and labor for a new residence * * * according to the plans and specifications hereto attached, *in a good substan-*

*tial and workmanlike manner.* \* \* \* And the Contractor upon notice shall *remove and replace all defective and unfit material and work* whether complete or not, *at his own expense.*" (Emphasis added.)

The trial court found a number of defects or deficiencies in the residence, and determined the cost of correction. Its findings in this regard were fully sustained by the record. Appellant urges, however, that the trial court erred in measuring the allowances to respondents for the defects or deficiencies on the basis of repair costs. He asserts that the proper measure of damages to be applied in a case of this nature is the difference in value between the structure as it was actually constructed and as it ought to have been constructed; he contends that there was no proof submitted by respondents as to the market value of the residence, and hence, no basis for allowances made by the trial court.

Although appellant in his assignments of error asserts the trial court erred in its "application of warranty of fitness," the trial court did not deal with such warranty, but determined deficiencies in appellant's performance under the express contract. In such a case the measure of damages is as discussed in Restatement of Contracts, § 346:

"§ 346. Damages for Breach of a Construction Contract.

"(1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows:

(a) For defective or unfinished construction he can get judgment for either

(i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or

(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste.

(b) For any delay in completion fairly chargeable to the builder, the plaintiff can get judgment for the value of the use of the product, if it was being constructed for use, and for the decline in sale value, if it was being constructed for sale, in either case determined in accordance with the rules stated in § 331."

See Comment (b) on Subsection 1(a). See also, Nelson v. Hazel, 89 Idaho 480, 406 P.2d 138 (1965) (subsequent opinion after remittitur, Nelson v. Hazel, 91 Idaho 850, 433 P.2d 120 [1967]).

Appellant also cited Bethlahmy v. Bechtel, 91 Idaho 55, 415 P.2d 698 (1966), in support of his position concerning the application of implied warranty of fitness to this case. That case involved an action for rescission of the purchase of a residence, and was not an action for damages.[1] We find no error in the trial court's allowance of repair costs as a measure of damages.

The second issue presented by this appeal pertains to whether the trial court erred in

---

1. That case, however, did discuss and approve a policy applicable in this state when the court quoted form Schipper v. Levitt & Sons, Inc., 44 N.J. 70, 207 A.2d 314, as follows:

"'Buyers of mass produced development homes are not on an equal footing with the builder vendors and are not more able to protect themselves in the deed than are automobile purchasers in a position to protect themselves in the bill of sale. Levitt expresses the fear of "uncertainty and chaos" if responsibility for defective construction is continued after the builder vendor's delivery of the deed and its loss of control of the premises, but we fail to see why this should be anticipated or why it should materialize any more than in the products liability field where there has been no such result.'" 91 Idaho at 66, 415 P.2d at 709.

its computations leading to the amount due under the judgment. It is the conclusion of this Court that the trial court erred in its findings of fact in this regard and that the cause must be remanded. The trial court found that the respondents were entitled to certain credits for items found constituting defects in the performance and for items the respondents furnished which the appellant should have furnished under the contract. These items are found in the trial court's finding of fact nos. X and XI. Examination of the computation reveals ambiguities in the trial court's calculation, and uncertainty concerning whether certain items were, indeed, offsets against the balance owing, and how some of the amounts were derived.

Appellant urges this Court to correct the computation and make a final disposition of the case. The trial court's function in nonjury cases is to find ultimate facts from conflicting evidence; and if these findings are sustained by competent, substantial, although conflicting, evidence, such will not be disturbed on appeal. Hisaw v. Ingram, 94 Idaho 751, 497 P.2d 1052 (1972). Recomputation by this Court of appellant's award on the basis of confusing and uncertain evidence would be an invasion of the trial court's obligation to make ultimate findings of fact. We conclude that findings of fact nos. X and XI must be reconsidered and revised by the trial court. In revising these findings it is to be pointed out that findings of fact need not be overly elaborate with details or particularization, yet they should reflect the trial court's determination with clarity, definiteness and certainty. Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788 (1962).

The final issue is whether the trial court erred in not awarding appellant attorney's fees in this action to foreclose the materialman's lien. Idaho Code § 45–513 provides in pertinent part:

"The court shall also allow as part of the costs the moneys paid for filing and recording the claim, and reasonable attorney's fees."

This case is unlike the case of Nelson v. Hazel, 89 Idaho 480, 406 P.2d 138 (1965), where no attorney's fees were awarded. In that case it was determined that the contractor had not substantially performed his contract, and hence, was not entitled to a lien.

This Court has previously held that the claim for attorney's fees follows the lien as an incident to the foreclosure of it. Thus, if under the judgment the lien is to be foreclosed, under the statute the court must make an award of attorney's fees. Guyman v. Anderson, 75 Idaho 294, 271 P.2d 1020 (1954). Inherent in the findings of fact, conclusions of law and judgment entered by the court is a determination that appellant had substantially performed his contract. Under such circumstances, the trial court erred in not awarding appellant attorney's fees in this case.

It is the conclusion of the Court that the judgment must be reversed and the cause remanded for further or new findings of fact.

Inasmuch as this case is being remanded, it is appropriate to point out that if the trial court determines in its new findings that the plaintiff-appellant is entitled to a balance due and foreclosure of the lien heretofore filed, the trial court shall then determine and fix a reasonable attorney's fee for trial of this cause and enter conclusions of law and judgment in accordance therewith. See Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972).

The judgment is reversed and the cause remanded for the trial court to proceed in accordance with the views expressed herein. Costs to appellant.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.