564 P.2d 978

**TREASURE VALLEY FOODS, INC.,**
Plaintiff and Cross-Defendant,
Appellant,

v.

**J–M POULTRY PACKING CO.,**
Defendant and Third-Party
Plaintiff, Respondent,

and

**Robert Woodbury, Third-Party Defendant
and Cross Claimant-Respondent.**

No. 12097.

Supreme Court of Idaho.

May 24, 1977.

Lloyd J. Webb of Webb, Burton, Carlson & Pedersen, Twin Falls, for appellant.

Jay D. Sudweeks of May, May, Sudweeks & Fuller, Twin Falls, for respondent.

SHEPARD, Justice.

This is an appeal from a judgment in favor of J–M Poultry Packing Company and against Treasure Valley Foods, Inc., in an action in which J–M Poultry asserted it was the third-party beneficiary of a contract between Treasure Valley and Robert Woodbury.

For some time prior to March 1973, Woodbury operated a business of purchasing poultry for resale to retailers. Two of his sources of supply were Treasure Valley and J–M Poultry. During March of 1973, Woodbury and the manager of Treasure Valley entered into an agreement, the details of which, the results of which, and the legal implications which result therefrom are at issue in this action. As noted by the trial court, the manner in which the agreement was entered into and executed almost guaranteed subsequent legal and financial problems. The evidence of the agreement consists of a single page document entitled "Agreement", a memorandum indicating accounts payable, memoranda of accounts receivable, a document entitled "assignment", a paper napkin with various figures noted thereon, an assortment of business records and a great deal of conversation.

From that evidence the trial court concluded that Treasure Valley had purchased the business of Woodbury, including his inventory, accounts receivable, bank account and trade name, and assumed the accounts payable. It appears that the reason for the agreement was to give Woodbury relief from debt and give Treasure Valley a going business with Woodbury as an employee. Thereafter and until the business operation was discontinued, Woodbury did work in the business as an employee of Treasure Valley.

Prior to the acquisition of the Woodbury business by Treasure Valley, Woodbury had become indebted to J–M Poultry in the sum of $13,458.77. During Treasure Valley's continuance of the Woodbury business, Treasure Valley satisfied a portion of that indebtedness, but $5,307.85 still remained owing to J–M Poultry.

In 1974 J–M Poultry itself became indebted to Treasure Valley for $6,045.00. Since this amount exceeded the $5,307.85 still due J–M Poultry on its Woodbury account, J–M paid Treasure Valley only the balance between the two accounts ($737.15). Treasure Valley thereafter instituted this suit against J–M Poultry for the remaining $5,307.85. At trial, J–M Poultry asserted a set-off for this amount on the basis that Treasure Valley had assumed and obligated itself to pay the indebtedness of Woodbury to J–M Poultry. The trial court so found in favor of J–M Poultry, and from that judgment Treasure Valley appeals.

On appeal, Treasure Valley in essence makes the following allegations: 1) that the

findings and conclusions of the trial court are not supported by the evidence; 2) that the contract was based on a material mistake of fact; 3) that the contract was rescinded; and 4) that the trial court erred in concluding that J–M Poultry was a third-party beneficiary to the contract, and if he was, the doctrine was wrongfully applied as a matter of law by the trial court.

As noted by the trial court, the proceedings leading to the agreement between Treasure Valley and Woodbury are far from ideal and the documentation of the agreement is even less ideal. The evidence concerning these matters is highly conflicting and resolution thereof was necessary by the trial court. The trial court considered that evidence and resolved the conflict in favor of J–M Poultry. He meticulously spelled out his finding regarding the intentions of each of the parties to the agreement and concluded that an agreement had been formed between Treasure Valley and Woodbury in which the parties agreed that Treasure Valley would assume and pay the indebtedness of Woodbury and thereafter would own the Woodbury business. The court in addition found that Treasure Valley did own and operate the Woodbury business as a separate entity until it determined to discontinue that business operation.

Treasure Valley argues that since the liabilities of Woodbury were substantially more than the amount originally represented to Treasure Valley, that there was a lack of consideration and the agreement was unenforceable. The trial court made findings specifically refuting this theory. Under the agreement it found that Treasure Valley received, in addition to the assets of Woody's Poultry, the value of an ongoing business, plus Woodbury's promise to make up the difference between the company's assets and the outstanding liabilities from the commissions he was to earn pursuant to the agreement. Furthermore, the lower court found that Treasure Valley was aware of the difference in the amount of indebtedness before it went ahead with execution of the agreement. Treasure Valley's claim that the agreement was rescinded was also dismissed as without merit.

The findings of the trial court regarding the intent of the parties, the existence of consideration, the lack of failure of consideration and the non-recission of the agreement are all supported by substantial evidence. We shall not disturb them upon appeal. *Ellis v. Jones*, 96 Idaho 90, 524 P.2d 1062 (1974); *Hafer v. Horn*, 95 Idaho 621, 515 P.2d 1013 (1973); *Enders v. Wesley W. Hubbard & Sons, Inc.*, 95 Idaho 590, 513 P.2d 992 (1973).

Furthermore, since the parties intended that Treasure Valley assume and pay the debts of the Woodbury business, including the debt owed to J–M Poultry, and since this arrangement was supported by adequate consideration and not rescinded, it is clear that J–M Poultry, is a third-party beneficiary of that contract. As such, it is entitled to assert and have judgment in its favor by way of set-off. *See,* I.C. § 29–102; *Bush v. Upper Valley Telecable Co.*, 96 Idaho 83, 524 P.2d 1055 (1974); *Stewart v. Arrington Construction Co.*, 92 Idaho 526, 446 P.2d 895 (1968); *Davis v. Nelson-Deppe, Inc.*, 91 Idaho 463, 424 P.2d 733 (1967).

The judgment of the trial court is affirmed. Costs to respondent.

McFADDEN, C. J. and DONALDSON, BAKES and BISTLINE, JJ., concur.