20 P.3d 16

**Gooding Public Joint School District No. 231, in re Expulsion of Clint Rogers and Brian Brown.**

Dennis ROGERS and Debbie Rogers, Individually and for Clint Rogers, (a minor child), and Ed Brown and Clarissa Brown, individually and for Brian Brown (a minor child), Petitioners–Respondents,

v.

**GOODING PUBLIC JOINT SCHOOL DISTRICT NO. 231, Respondent–Appellant.**

**No. 25417.**

Supreme Court of Idaho,
Twin Falls, November 2000 Term.

March 1, 2001.

Anderson, Julian & Hull, LLP, Boise, for the appellant. Brian K. Julian argued.

Smith, Beeks & Hodges, Twin Falls, for the respondents. Micky D. Hodges argued.

TROUT, Chief Justice.

This is an appeal from an order granting a writ of prohibition and mandamus prohibiting the school district from expelling two students.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 1998, Brian Brown, a student at Gooding High School, had a pellet gun in his car parked on school grounds. During the lunch hour, Clint Rogers, a fellow student, took the pellet gun from Brown's car and fired the gun in the parking lot of the school. The projectile struck another student, inflicting a superficial wound. Shortly after the incident, Brown and Rogers (collectively the "Students") were called into the principal's office where they admitted to the above facts. The principal suspended the Students.

That night, at a previously scheduled meeting, the School Board ("Board") met with the superintendent to discuss the suspension. The Board, without explanation, voted to uphold the suspension until its next regularly scheduled meeting. Waiting until the next regularly scheduled meeting resulted in the boys being suspended for 13 school days when school district policy only allowed for an 8–day suspension.

The next morning, the superintendent and principal met with the Students and their parents to discuss the suspension and inform them that a hearing would be held on October 13th. By letter dated September 29, 1998, the principal again informed the Students and their parents of the hearing. The letter stated that the hearing was to "determine the final disposition of the incident involving possession and discharge of an air rifle at the high school." By letter dated October 1, 1998, the superintendent reminded the Students of the hearing and their rights to be represented by counsel, present evidence, call witnesses, and cross-examine adult witnesses.

At the October 13th hearing, after deliberating, the Board voted to expel the Students until the end of the first semester, January 19, 1999. The next day, the Students were sent letters explaining they were being expelled for violating the Gun Free Schools Act, 20 U.S.C. § 8921, Idaho Code § 18–3302D, and Idaho Code § 33–205.

On October 17th, the Board received a request for reconsideration from an attorney retained by the Students. The Board agreed to reconsider the matter and scheduled another hearing to be held on October 26, 1998. At the rehearing all parties were represented and given the opportunity to present evidence and cross-examine adult witnesses. The Students' main contention was that the possession of a pellet gun did not violate the laws listed in the Board's reasons for the expulsion. On October 28th the Board considered the evidence presented during the second hearing and again voted to expel the Students. The grounds given for the expulsion included the Gun Free Schools Act, I.C. § 33–205, and a statement that the acts violated school district policy.

On December 15, 1998, the Students filed a Petition for Writ of Mandate or Writ of Prohibition with the district court. On January 26, 1999, the district judge issued an opinion granting the Writs of Prohibition and Mandamus to the Students on the grounds that the Board had acted arbitrarily, unjustly, and in abuse of the discretion vested in them. On March 10, 1999, the district judge issued an order granting the Students' attorney fees and costs under I.C. § 12–117. This appeal by the school district followed.

## II.

## STANDARD OF REVIEW

On appeal from a writ of mandamus, we apply the same standard of review as the district court. *Kolp v. Board of Tr. of Butte County Joint Sch. Dist. No. 111,* 102 Idaho 320, 323, 629 P.2d 1153, 1156 (1981). The writ of mandate is an extraordinary remedy requiring extraordinary circumstances. *Idaho Falls Redevelopment Agency v. Countryman,* 118 Idaho 43, 43, 794 P.2d 632, 632 (1990). The writ will not issue when an adequate remedy at law or equity exists. *Edwards v. Industrial Commission,* 130 Idaho 457, 459–60, 943 P.2d 47, 49–50 (1997). If the act sought to be compelled of the public officer is ministerial, the Court must find the party seeking the writ has a clear legal right to have the act performed and the officer has a clear duty to perform the act. *Kolp,* 102

Idaho at 323, 629 P.2d at 1156. If the act is discretionary, mandamus will not lie unless it appears the board acted arbitrarily, unjustly and in abuse of its discretion. *Id.* To be an abuse of discretion the Board must have "so far departed from the line of [its] duty under the law that it can be said [it] has in fact ... neglected or refused to exercise any discretion." *Id.* at n. 1. This Court exercises free review over the grant of attorney fees under I.C. § 12–117. *Rincover v. State Dep't of Fin.*, 132 Idaho 547, 549, 976 P.2d 473, 475 (1999).

## III.

## DISCUSSION

### A. The District Judge Erred In Granting The Writ Of Mandamus

■ First, we must note that it has been almost thirty years since this Court last became involved in a high school disciplinary action. *See Johnson v. Joint Sch. Dist. No. 60, Bingham County,* 95 Idaho 317, 508 P.2d 547 (1973) (female students disciplined for wearing slacks and pantsuits to school); *see also Murphy v. Pocatello Sch. Dist. No. 25,* 94 Idaho 32, 480 P.2d 878 (1971) (male student disciplined for failing to get a hair cut). It is into the hands of the school board, elected by the local citizenry, not the courts, that the legislature has placed the discretionary power to discipline and expel students. I.C. § 33–205. As we cautioned in our earlier decisions, it is only with great reluctance that the courts of this state should become involved in "conflicts which arise in the operation of school systems." *Murphy,* 94 Idaho at 36, 480 P.2d at 882. A court should consider becoming involved only when the actions of the school system "directly and sharply implicate basic constitutional values." *Id.* (quoting *Epperson v. Arkansas,* 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228, 234 (1968)).

■ Two of the grounds relied upon by the district judge in issuing the writ related to the Students' suspensions immediately following the incident. The district judge's consideration of these issues failed to account for the context of the proceeding. Although procedural errors during the suspension may be proper grounds for alternative forms of relief, *see, e.g., Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729 (1975) (Section 1983 action for suspensions without due process), they were not proper grounds for issuing the writ of mandamus. There was no finding that the procedural errors of the suspension in any way affected the Board's subsequent expulsion of the students. By the time the Students requested the writ, the suspension had been over for two months, two hearings had been held, and the Board had twice voted to expel the Students. Since the errors during the suspension were in no way responsible for the Students' exclusion from school at the time the writ was requested, it was error to justify the issuance of the writ on those grounds.

The district judge's third reason for issuing the writ was that the Students due process rights were violated by the Board's reliance on inapplicable statutes.

■ Due process requires school districts to establish procedures to protect "against unfair or mistaken findings of misconduct and arbitrary exclusion from school." *Goss,* 419 U.S. at 581, 95 S.Ct. at 740, 42 L.Ed.2d at 739. Although notice and a hearing are required before a student may be excluded from school, I.C. § 33–205, these procedures need not be as exacting as those found in the criminal or juvenile systems. In school disciplinary proceedings, notice as to the facts of the charge is generally sufficient. *L.Q.A. By and Through Arrington v. Eberhart,* 920 F.Supp. 1208, 1217 (M.D.Ala.1996) (the school did not have to cite a particular code section to give notice, it was sufficient that the student was informed that he was being disciplined for possessing marijuana); *Board of Education v. Commissioner of Educ.,* 91 N.Y.2d 133, 667 N.Y.S.2d 671, 690 N.E.2d 480, 483 (1997) ("The charges in a student disciplinary proceeding need only be 'sufficiently specific to advise the student and his counsel of the activities or incidents which have given rise to the proceeding and which will form the basis for the hearing.'" (citation omitted)). Even notice that charges a student under the wrong policy may be constitu-

tionally sufficient when the student has notice of the proper factual circumstances.

> [A] distinction must be made between the facts underlying the suspension and the precise school policy violated. Thus, while [the principal] may have misstated the basis of the suspension, such did not in any way prevent Plaintiff from disputing or stating his own version of the facts leading to the suspension.

*Pirschel v. Sorrell,* 2 F.Supp.2d 930, 936–37 (E.D.Ky.1998).

 Although the Board may have cited to some inapplicable statutes [1] as grounds for expelling the Students, there is at least one viable ground for the Board's exercising its discretion to expel the Students. Idaho Code § 33–205 provides an adequate ground for the Board to exercise its discretion and expel the Students.

> The board of trustees may deny enrollment, or may deny attendance at any of its schools by expulsion, to any pupil who is an habitual truant, or who is incorrigible, or whose conduct, in the judgment of the board, is such as to be continuously disruptive of school discipline, or of the instructional effectiveness of the school, *or whose presence in a public school is detrimental to the health and safety of other pupils,* or who has been expelled from another school district in this state or any state. . . .
>
> Provided however, the board shall expel from school for a period of not less than one (1) year, twelve (12) calendar months, or may deny enrollment to, a student who has been found to have carried a weapon or firearm on school property in this state or any other state, except that the board

may modify the expulsion or denial of enrollment order on a case-by-case basis.

I.C. § 33–205 (Supp. 2000) (emphasis added).

Here, the Students were given notice by the September 29th letter that the hearing was to "determine the final disposition of the incident involving possession and discharge of an air rifle at the high school campus." The Students understood that they had harmed another student. The document submitted by the Students' counsel to the Board in support of a reconsideration hearing demonstrates awareness that the Board could find their presence was detrimental to the safety of other pupils and result in expulsion under I.C. § 33–205. A hearing was held where the Students were represented by counsel and allowed to present evidence. Due process was provided.

Under these circumstances, I.C. § 33–205 afforded the Board the opportunity to expel the Students if they chose to exercise their discretion to do so. Since the decision to expel the Students was within the Board's legitimate scope of discretion, the issuance of the writ of mandamus was in error.

## B. The District Judge Erred In Granting The Students' Attorney Fees.

The district judge awarded the Students' their attorney fees pursuant to I.C. § 12–117. Idaho Code § 12–117 provides for an award of attorney fees

> [i]n any administrative or civil proceeding involving as adverse parties a state agency, a city, a county, or other taxing district and a person . . . if the court finds in favor of the person and also finds that the state agency, the city, the county, or the taxing

---

1. In its first decision, the Board suspended the Students for violating "Federal Code, Title VIII Section 8001, [codified at 42 U.S.C. § 8921], Idaho State Statute 18–3302D and 33–205." After the second hearing the Students were expelled for violating "the polices, rules and regulations of the District, . . . the Federal Gun Free Schools Act [42 U.S.C. § 8921], and Idaho Code 33–205." The School District did not appeal the district judge's determination that a pellet gun is not a weapon or firearm as these terms are used in the Gun Free Schools Act, 42 U.S.C. § 8921; I.C. § 18–3302D (making it a misdemeanor for an individual under the age of twenty-one to

carry a weapon or firearm on school property); and I.C. § 33–205. We will, therefore, proceed to decide this case as if the statutes do not prohibit the possession of a pellet gun on school property. This is not an implicit acceptance of the district judge's holding on this issue, but rather a result of this Court's longstanding policy not to consider issues which are not raised in the statement of issues on appeal. *Idaho Watersheds Project v. Board of Land Comm'rs,* 128 Idaho 761, 767, 918 P.2d 1206, 1212 (1996); *State v. Prestwich,* 116 Idaho 959, 961, 783 P.2d 298, 300 (1989), *overruled on other grounds by State v. Guzman,* 122 Idaho 981, 842 P.2d 660 (1992).

district acted without a reasonable basis in fact or law.

Although a school district is not a "state agency", I.C. § 12–117(3)(b) (state agency is defined in I.C. § 67–5201); *Smith v. Meridian Joint School District No. 2*, 128 Idaho 714, 721–22, 918 P.2d 583, 590–91 (1996) (holding that a school district is not a state agency under I.C. § 67–5201), it is a taxing district. ·I.C. § 63–3101 (defining taxing district as "any county, any political subdivision of the state, any municipal corporation, including specially chartered cities, any school districts, including specially chartered school districts, any quasi-municipal corporation, or any other public corporation authorized by law to levy taxes, now or hereafter organized"). Therefore, I.C. § 12–117 could form the basis for an award of attorney fees in the present case. Since we have reversed the district judge's issuance of the writ of mandamus, however, the Students were not a prevailing party and the award of fees was in error.

For the same reason, we deny the Students' request for attorney fees on this appeal pursuant to I.C. § 12–117.

## IV.

## CONCLUSION

The district judge erred in considering the procedural errors of the suspension in determining whether to issue the writ of mandamus. The writ of mandamus was improperly issued where the Students were provided adequate notice, a hearing, and the Board acted within the scope of its discretion in expelling the students. The order of the district judge is reversed. Costs to the appellants.

Justices SCHROEDER, WALTERS, KIDWELL and Senior District Judge McKEE, concur.