## UNITED STATES ex rel. and for Benefit of ADMINISTRATOR OF FEDERAL HOUSING ADMINISTRATION, v. TROY-PARISIAN, Inc.

### No. 9432.

Circuit Court of Appeals, Ninth Circuit.

Oct. 30, 1940.

Rehearing Denied Nov. 29, 1940.

Francis M. Shea, Asst. Atty. Gen., Melvin H. Siegel, Sp. Asst. to Atty. Gen., and Ellis Lyons, Atty. Dept. of Justice, of Washington, D. C., and John A. Carver, U. S. Atty., and E. H. Casterlin, Asst. U. S. Atty., both of Boise, Idaho, for appellant.

Marshall Chapman, of Twin Falls, Idaho, for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The United States sued on relation of the Administrator of the Federal Housing Administration to recover a balance unpaid on an installment note and conditional sales contract. After a trial to the court judgment was granted in favor of the defendant.

Appellee (defendant) made and delivered the instruments to a local dealer in connection with its purchase of equipment comprising an automatic stoker, a water cooler, a forced air evaporator, and a refrigerating compressor. Each article was listed in the sales contract by model or serial number and by the name of the manufacturer, and the sale price of each was separately indicated. The installment note, however, was for the total sum, less a down payment made at the time of sale.

The dealer endorsed the contract and note to the Twin Falls Bank & Trust Co., which was an insured institution pursuant to Title I, Sec. 2 of the National Housing Act, 48 Stat. 1246, 12 U.S.C.A. § 1703, and upon the transfer the note and contract became insured against loss by reason of nonpayment. Subsequent to the assignment appellee paid a number of monthly installments. It then refused to make further payments on the ground that there had been a breach of implied warranty of the fitness of the stoker.

Appellee operates a laundry. The automatic stoker was installed in its plant for use in connection with a Scottish Marine boiler. The stoker was an overfed type of a model but recently put on the market by the manufacturer. It developed that the stoker would not efficiently feed coal into the fire box and that soot and ash collected in the flues of the boiler and had frequently to be blown out. The dealer endeavored over a long period, but without success, to put the stoker in a condition in which it would perform properly. Eventually, as the court found, appellee notified the dealer to remove the stoker from its premises and undertook to rescind the contract as to the stoker. The other items installed were retained, appellee claiming that they had been fully paid for by the payments theretofore made.

The bank then declared the whole sum due, according to the terms and conditions of the note and contract, and demanded payment from the Federal Housing Administration. The latter paid the bank the amount owing and the note and contract were endorsed and transferred to the Administrator.

In its answer in the suit appellee denied any indebtedness and alleged as a defense breach of implied warranty of fitness of the stoker for use in connection with the particular type of boiler, rescission in respect of that item, and full payment as to the other items. This defense the court sustained.

Appellant contends here, among other things, (1) that the note and conditional sales contract together constitute a negotiable instrument of which the bank became holder in due course; (2) that in any event, as against the assignee, the defense invoked had been waived by express agreement; and (3) that there was no implied

warranty that the stoker, sold by its trade name, was suitable for the particular use intended.

█ It will be necessary to consider the second only of these propositions. Art. 5 of the contract provided that "Seller may assign this contract to Twin Falls Bank & Trust Co. without notice to purchaser, and when assigned shall be free from any defense, counterclaim or cross complaint by purchaser." We think it must be held that this proviso is a bar to the defense interposed.

██ Since the parties might originally have put their contract in negotiable form, there would appear to be no good reason why they may not by agreement impart to it limited elements of negotiability.[1] Buyer and seller stood on equal footing and it is evident that this clause was deliberately inserted as a means of facilitating the financing of the sale through the named local bank. Unless in circumstances affronting public policy, it is no part of the business of the courts to decline to give effect to contracts which the parties have fairly and deliberately made.

By Sec. 62-601 of the Idaho Code it is provided that "Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement * * *." Thus, as between themselves, the parties to a sale are free to negative warranties implied in law, and so validly to eliminate as grounds of defense all warranties save those expressed in the contract. So far, then, as it need be applied here, the provision in question can not fairly be said to run counter to the declared policy of the state.

Another local statute, Sec. 5-302 Idaho Code 1932, provides that "In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off, or other defense existing at the time of, or before, notice of the assignment." In Pacific Acceptance Corporation v. Whalen, 43 Idaho 15, 248 P. 444, the Idaho court called attention to this statute in holding that a clause of the sort involved here did not preclude the defense of fraud or total want of consideration. The court approved the rule to that effect announced in American National Bank v. A. G. Sommerville, Inc., 191 Cal. 364, 216 P. 376, and distinguished Anglo-California

Trust Co. v. Hall, 61 Utah 223, 211 P. 991, as a case involving, not fraud, but breach of warranty. Consult further as supporting the validity of a similar provision, Elzey v. Ajax Heating Co., 158 A. 851, 10 N.J.Misc. 281. Contra: San Francisco Securities Corporation v. Phoenix Motor Co., 25 Ariz. 531, 220 P. 229.

We think the view we have taken is not out of harmony with the decision of the Idaho court in the Whalen case. Here there is no suggestion of fraud nor was there want of consideration in the inception of the contract. No more is involved than a breach of implied warranty resulting in a failure of consideration as to one of several items included in the sale. For its damages in this respect appellee has its action against the seller.

Reversed.

---

[1] See Beutel, Negotiability by Contract (1933), 28 Ill.L.Rev. 205, 215.