400 P.2d 287

**H. J. WOOD CO., Inc., Plaintiff-Respondent,**

**v.**

**Mary A. JEVONS, Defendant-Appellant.**
**No. 9446.**

Supreme Court of Idaho.
March 17, 1965.

Smith & Miller, Caldwell, for appellant.

Bruce Bowler, Boise, for respondent.

KNUDSON, Justice.

During March 1957 appellant, Mary A. Jevons, caused a well to be drilled upon her 40-acre tract of uncultivated desert land. On February 8, 1958 she moved a house upon the property and thereafter occupied it as her home. On March 26, 1958 she entered into a written conditional sale contract with respondent, H. J. Wood Co., Inc., for the purchase and installation of an electric water pump in the well on her property. The consideration therefor was $4,200,

payable $1,200 in cash as down payment and $1,500 plus interest on or before May 1, 1959 and $1,500 plus interest on or before May 1, 1960. The pump was installed and appellant failed to make any payment after the cash down payment and respondent, as plaintiff, commenced this action January 30, 1961, to recover possession of the pump or its value, together with an additional sum of $909.75 plus interest for materials and labor furnished and a loan of $200.

Appellant, as defendant, admitted respondent's corporate existence and execution of the contract, but denied all other allegations of the complaint. As an affirmative defense and cross-claim appellant alleged that the pump never functioned properly; that between July 1 and August 5, 1958 respondent removed the pump to make repairs and failed to provide appellant with a substitute pump during said period, resulting in a $4,000 damage to appellant's 1958 crops; that in making repairs to said pump respondent carelessly and negligently lost the tail pipe of said pump in the well, causing an inadequate flow or supply of water during the irrigation season of 1959 and resulting in another $4,000 damage to appellant's 1959 crops. Respondent denied all of such allegations.

A jury trial was had and when both parties had rested respondent moved for an involuntary dismissal of appellant's cross-claim and for a directed verdict in favor of respondent. The court granted both mo-

tions and entered judgment for respondent. Appellant filed her motion for a new trial, which was denied. This appeal is from the judgment and the order denying a new trial.

Appellant sets out numerous specifications of error, however they are all based upon the contention that the court erred in its ruling excluding evidence offered by appellant relating to damage to and loss of crops on her property during the years 1958 and 1959. Appellant concedes that if the ruling regarding the crops is correct, the court was probably left "in a position where there was not sufficient evidence to allow the case to go to the jury." The issue here presented is stated by appellant as follows:

"The principal question presented by this appeal is whether or not the trial court improperly excluded evidence on behalf of the defendant concerning damage to and loss of crops on the grounds that they were remote, speculative and conjectural and upon the grounds that they were negatived by the contract under which the pump was sold."

It is further stated in appellant's brief that her sole contention in this case is as follows:

"Appellant contends that the basic error of the trial court was in denying the proffered evidence of appellant concerning damage to crops; that had this

evidence been admitted, there would have been sufficient evidence to allow the case to go to the jury on the questions raised by the affirmative defense and cross-complaint of the defendant."

The record discloses that immediately following appellant's offer of proof relative to damages allegedly resulting to appellant's crops by reasons of respondent's actions, respondent objected to the admission of the offered proof upon the grounds

"* * * that the contract here involved negatives plaintiff's liability for crop damages from water shortage and there was no guarantee of quality or quantity of water production by the pump and the damages to crops from lack of water are too remote, too speculative and not within the contemplation of the parties."

The court sustained the objection, however the record does not disclose which of the grounds was relied upon by the trial court. The issue here presented is whether the action of the trial court in sustaining such objection constituted reversible error.

■■ The first ground stated in the objection is that the contract between the parties here involved negatives liability on the part of respondent for crop damages resulting from water shortage. Said contract contains the following provision:

"Seller shall not be liable for damage · **or** for consequential damage, particu-

larly including loss or damage for dimunition or failure of crops, shortage of water, or inability or failure to supply same, whether due to improper installation or performance of the machinery or otherwise * * * it being understood and agreed by Buyer that this work is uncertain and precarious in its nature."

The foregoing quoted portion of the contract is unambiguous and clearly exempts respondent from liability for· crop damage. It also sustains the contention that such damages were not within the contemplation of the parties. There is no evidence that respondent made any statement to or had any agreement with appellant regarding the quantity or quality of water production from the well involved.

The objection contained the additional ground that damages to crops, from lack of water, were too remote and speculative. This ground of objection is supported by the decision of this court in C. R. Crowley, Inc. v. Soelberg, 81 Idaho 480, 346 P.2d 1063, wherein a well drilling contract was involved and defendant sought recovery under his cross-complaint for crop damages resulting from plaintiff's failure to drill the well deep enough to furnish sufficient water for irrigation. The court stated:

"The trial court did not err in its refusal to admit evidence of damage to the defendant's crops. Prospective profits contemplated to be derived from

a business which is not yet established, but one merely in contemplation, are too uncertain and speculative to form a basis for recovery. Head v. Crone, 76 Idaho 196, 279 P.2d 1064. See also Faria v. Southwick, 81 Idaho 68, 337 P.2d 374."

Appellant contends that her crop damage in 1958 resulted when respondent removed the pump for repair during July 1958 and failed to provide her with a substitute pump. She did not allege or in any respect prove that respondent was obligated to provide a substitute pump nor did she allege or prove that respondent retained the pump longer than was reasonably necessary to make needed repairs. Appellant did testify that while the pump was being repaired she talked by telephone to the president of the pump manufacturing company in California and that she was advised by him that if she had called them they could have had a motor there in twelve hours. She did not submit any explanation regarding the expense involved in having them furnish such a motor or why she did not request that they provide such motor. There is no showing that respondent was authorized or requested to procure and install other equipment. Respondent's evidence to the effect that effort was made to get the pump back to the well as soon as possible is uncontradicted and appellant neither alleged nor proved any negligence on the part of respondent in connection with making the necessary repairs.

Appellant also alleged that her crop damage during 1959 was due to the fact that respondent carelessly and negligently lost the tail pipe of the pump in the well, as a result of which she was unable to get an adequate flow or supply of water. The evidence as to whether the presence of the lost or unattached tail pipe had a harmful effect upon the flow of water that could be pumped from the well is to some extent conflicting. Appellant introduced the testimony of one witness who expressed the opinion that such unattached tail pipe would have a harmful effect. However, it was not shown by such witness whether in his opinion the effect would be negligible or substantial.

It is not known exactly when the tail pipe became unattached. No evidence whatever was introduced tending to prove any negligence on the part of respondent in connection with the installation of the pump or the tail pipe. The only explanation regarding the probable cause of the tail pipe becoming detached was that it resulted from vibrations produced while the pump was permitted to run while little or no water was being pumped. The record shows that substantial uncontroverted evidence was introduced establishing that the well was unproductive of sufficient water to maintain continuous pumping operation for periods in excess of from four to six hours, following which periods the pump would

break suction and while running without a sufficient water supply vibrations were created, and excessive sand intake and overheating of oil lines occurred causing damage to the pump unit. Each water test made revealed that the water supply in the well was not equal to its represented capacity. Repeated attempts were made to increase the water supply but were unsuccessful.

■ Appellant in effect argues that if she had been permitted to introduce evidence of claimed damages to her crops, there would have been sufficient evidence to submit to a jury. This contention overlooks the proposition that before she can be entitled to recover she must allege and show that some wrongful act has been committed by respondent. The applicable fundamental rule is quoted in Aune v. Oregon Trunk Ry. (Or.1935), 51 P.2d 663, as follows:

" 'In order to constitute actionable negligence there must exist three essential elements—namely, a duty or obligation which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty; and injury resulting from the failure. Not only must the complaint disclose these essentials, but the evidence must support them, and the absence of proof of any of them is fatal to a recovery.' "

■ It was appellant's burden to prove that the damage she claimed was caused by and resulted from the negligence or breach of a duty on the part of respondent.

Having failed to establish such negligence or breach of duty, the order of dismissal and the judgment must be sustained.

■ Appellant's motion for a new trial was based upon the same contentions as are presented under her assignments of error. We have repeatedly held that this court will not reverse the order of a trial court either denying or granting a motion for a new trial unless it is patent the court has abused the sound legal discretion vested in it by law. Stearns v. Graves, 62 Idaho 312, 111 P.2d 882; Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430; Hall v. Bannock County, 81 Idaho 256, 340 P.2d 855. The trial court did not abuse its discretion by denying said motion.

■ Respondent contends that he should be awarded attorney's fees for the work occasioned by this appeal. The contract which is the basis of this action provides that the buyer (appellant) agrees to pay to the seller (respondent) expenses incurred, including reasonable attorney's fees actually incurred, in enforcing the contract. However, since the trial court allowed respondent an attorney fee of $1,500, and considering all the circumstances of the case, including the amount involved, we shall not make any additional allowance. Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.