465 P.2d 107

Frank N. RAWLINGS, Plaintiff-Appellant,

v.

LAYNE & BOWLER PUMP COMPANY, Defendant-Respondent.

No. 10569.

Supreme Court of Idaho.

Feb. 12, 1970.

Schiller, Young & Williams, Nampa, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent.

DONALDSON, Justice.

On March 6, 1967, Frank N. Rawlings (plaintiff-appellant) and the Layne & Bowler Pump Co. (defendant-respondent) entered into a written contract whereby Frank N. Rawlings agreed to buy and Layne & Bowler Pump Co. agreed to sell certain irrigation pumping machinery for a total price of $7,289.15. According to the provisions of the contract, Layne & Bowler Pump Co., the seller, was to install the irrigation pumps on Rawlings' land. Paragraph 10 of the contract further provided that:

"Seller or Holder shall not be liable for consequential damage particularly including loss or damage for diminution or failure of crops, shortage of water, or inability or failure to supply same, due to installation or performance of the property sold hereunder, or repair work, pump or well service, nor shall Seller be liable for collapsing, telescoping, separating or otherwise injuring the well or pump, for any cause whatsoever, including negligence, since the Buyer and Seller agree that the work is hazardous and precarious in its nature * * *."

In spite of the terms of paragraph 10 to which Rawlings and the pump company both agreed, suit was instituted by Rawlings against Layne & Bowler Pump Co. in the amount of $61,708.55. The basis of the complaint was that Rawlings suffered crop loss because of the allegedly negligent installation of the pumping equipment. Rawlings furthermore alleged that since he (the buyer) had made known to the seller the particular purpose for which the goods were required and that he relied upon the seller's skill and judgment in providing and installing such goods, the seller breached the implied warranty of fitness for purpose because the goods and the installation thereof were not reasonably fit for such purpose.

Layne & Bowler Pump Co. in its answer admitted the contractual obligation to furnish and install the pumping equipment; denied the remaining allegations of the complaint and then set out certain affirmative defenses. In addition Layne & Bowler Pump Co. asserted a counterclaim against Rawlings for money allegedly owed to it under the terms of the contract. The counterclaim is still pending in district court. Following depositions of the appellant Rawlings and his son, and interrogatories to the appellant, respondent moved for a summary judgment on the ground that appellant's claim for damages due to crop loss was excluded by the terms of the con-

tract and as a matter of law was therefore barred. The district court granted the respondent's motion for summary judgment and in its judgment dismissing the complaint stated:

"* * * having reviewed and considered the record, including the pleadings, deposition, admissions and affidavit on file herein, and the arguments and briefs of counsel and having found and concluded that there is no genuine issue as to any material fact upon said claims by plaintiff against defendant and that defendant is entitled to judgment as a matter of law; * * *."

Appellant has appealed to the Supreme Court from this judgment.

The only question presented by this appeal is whether or not the trial court erred in granting summary judgment.

■ The purpose of I.R.C.P. 54(b) is to enable the district court to separate claims and counterclaims and allow them to be pursued to final judgment individually if there is no just reason for delay. 54 Yale L.J. 263 (1953); 65 Harv.L.Rev. 1245 (1952); Perkins v. City of Pocatello, 92

Idaho 636, 448 P.2d 250 (1968). In the case at bar a counterclaim had been interposed by the defendant-respondent, but the district judge, pursuant to I.R.C.P. 54(b) made an express determination that there was no reason for delay in entering judgment upon the plaintiff-appellant's negligence claim regardless of the outcome of the counterclaim initiated by the defendant-respondent. Since the district court expressly directed that a final judgment be entered dismissing the complaint against the defendant-respondent, this appeal is properly before this Court pursuant to I.C. § 13–201.[1]

■ As his principal assignment of error appellant asserts that it was incorrect for the district court to have dismissed his complaint since there was evidence before it tending to show that a triable issue of fact existed, viz., that the terms of paragraph 10 of the contract are ambiguous and therefore their meaning and interpretation were for the jury's determination.

In H. J. Wood Co. v. Jevons, 88 Idaho 377, 400 P.2d 287 (1965), this Court considered a strikingly similar contractual provision[2] and determined that the provi-

1. "13–201. Judgments and orders appealable—Time for taking appeals.—An appeal may be taken to the Supreme Court from a district court.

1. From a final judgment in an action or special proceeding commenced in * a district court * * *; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order, decision or action of a board of county commissioners; within * sixty days after the entry of such judgment; Provided, however, that the running of the time for appeal is terminated by a timely motion for a new trial; a timely motion for a judgment notwithstanding the verdict, following a timely motion for a directed verdict; a timely motion to amend or make additional findings of fact, whether or not alteration of the judgment is required if the motion is granted, or a timely motion to alter or amend the judgment, and the full time for appeal fixed by this act commences to run and is to be computed from the entry of any order granting or denying any of the above motions.

2. From an order granting or refusing a new trial; from an order granting or denying a motion for a judgment notwithstanding the verdict; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of place of trial; from any special order made after final judgment; and from an interlocutory judgment in an action for partition of real property; within * sixty days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk."

2. "Seller shall not be liable for damage or for consequential damage, particularly including loss or damage for dimunition or failure of crops, shortage of water, or inability or failure to supply same, whether due to improper installation or performance of the machinery or otherwise * * * it being understood and agreed by Buyer that this work is uncertain and precarious in its nature." 88 Idaho 377 at 381, 400 P.2d 287 at 289 (1965).

sion was unambiguous and clearly exempted the seller from liability for crop damage. The Court also sustained the contention that such damages were not within the contemplation of the parties. The contractual provision in the case at bar is almost identical to the one held unambiguous in H. J. Wood v. Jevons, *supra*. It is our opinion that the language contained in paragraph 10 of the contract is clear and unambiguous and its effect is to preclude the seller's liability for consequential damages such as are sought by the appellant.

We might note that the contractual transaction between Rawlings and Layne & Bowler Pump Co. was voluntarily entered into by competent parties who had equal bargaining power and there is not even the slightest hint of unconscionability. Frank Rawlings is a graduate of the University of Nebraska and a licensed chemical engineer. Before entering the farming industry he was employed by the Amalgamated Sugar Co. in a managerial capacity. If Rawlings was not satisfied with the contract as it was presented to him, there was nothing to prevent him from declining the contract or modifying it to his satisfaction provided Layne & Bowler Pump Co. so agreed.

 Appellant contends that it is against public policy to allow a person to contract away his legal rights and remedies for future negligence. This rule is not absolute, and in the opinion of this Court is more realistically viewed as an exception rather than the general rule which prevails throughout the majority of American jurisdictions. Freedom of contract is a fundamental concept underlying the law of contracts and is an essential element of the free enterprise system. The Idaho Legislature has recognized this principle and codified it. I.C. § 64–601 expressly provides:

> "Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

In Commercial Credit Equipment Corporation v. Knowlton, 86 Idaho 314, 386 P.2d 370 (1963), this Court held that parties to a contract may expressly eliminate implied warranties pursuant to I.C. § 64–601. See also United States ex rel. and for Benefit of Administrator of Federal Housing Administration v. Troy-Parisian, Inc., 115 F.2d 224 (9th Cir. 1940); Norton Buick Co. v. E. W. Tune Co., 351 P.2d 731 (Okl. 1960).

The Restatement of Contracts § 574 states that:

> "A bargain for exemption from liability for the consequences of negligence not falling greatly below the standard established by law for the protection of others against unreasonable risk of harm, is legal except in the cases stated in § 575."

Section 575 then states:

> "(1) A bargain for exemption from liability for the consequences of a wilful breach of duty is illegal, and a bargain for exemption from liability for the consequences of negligence is illegal if
>
> (a) the parties are employer and employee and the bargain relates to negligent injury of the employee in the course of the employment, or
>
> (b) one of the parties is charged with a duty of public service, and the bargain relates to negligence in the performance of any part of its duty to the public, for which it has received or been promised compensation.
>
> (2) A bargain by a common carrier or other person charged with a duty of public service limiting to a reasonable agreed valuation the amount of damages recoverable for injury to property by a non-wilful breach of duty is lawful."

On the basis of these authorities we hold that express agreements exempting one of

the parties for negligence are to be sustained except where:

(1) one party is at an obvious disadvantage in bargaining power;

(2) a public duty is involved (public utility companies, common carriers).

> "Unless in circumstances affronting public policy, it is no part of the business of the courts to decline to give effect to contracts which the parties have freely and deliberately made." United States ex rel. and for Benefit of Administrator of Federal Housing Administration v. Troy-Parisian, Inc., *supra*, 115 F.2d at 226; 38 Am.Jur.Neg. § 8.

Since neither of these two factors essential to impair the validity of the provision are present in the case at bar, the provision must be given full force and effect.

On appeal from an order granting a summary judgment, it is recognized that the evidence presented at the hearing in the district court must be liberally construed in favor of the party opposing the motion and that he be given the benefit of all inferences which might be reasonably drawn. Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962); 3 Barron & Holtzoff, Federal Practice and Procedure, § 1235, p. 139. With this criteria in mind it is the opinion of this Court that the district court did not err in granting summary judgment for the respondent, Layne & Bowler Pump Co.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, SHEPARD, and SPEAR, JJ., concur.