511 P.2d 781

Arthur Donald **WATKINS** & Florence R. Watkins, husband and wife, Plaintiffs-Appellants.

v.

**William J. R. PAUL** et al., Defendants-Respondents.

No. 10980.

Supreme Court of Idaho.

July 5, 1973.

Jay F. Bates, Boise, for appellants.

Howard I. Manweiler, Elbert E. Gass, Boise, for respondents.

DONALDSON, Chief Justice.

Plaintiffs-appellants Arthur Donald and Florence R. Watkins brought this action for specific performance of a right to purchase under a "first refusal" provision contained in an "option agreement" entered into by the plaintiffs-appellants, as optionees, and the defendant Paul and his wife, as optionors.

The Paul-Watkins option agreement was executed on January 22, 1964, at which time the Pauls were the record owners of three contiguous tracts of land, designated and referred to in the agreement as "Tract I," "Tract II," and "Tract III." (Tract III is not involved in the appeal.) By the terms of the contract, the Pauls granted the Watkins a ninety-day option to purchase Tract I for $5,000 per acre. The Pauls also granted the Watkins a conditional option to purchase Tract II for $3,000 per acre; however, the Watkins would have this option only in the event that they had exercised the option to purchase Tract I, and in that event they would have an option to purchase Tract II within one year after the exercise of the former option. Then came the provision now sought to be enforced by the Watkins:

"Should Optionees fail to exercise the option herein granted to buy Tract II within the time permitted, Optionors do hereby further grant to Optionees the right to purchase Tract II above described upon the same terms and conditions that Optionors are willing to sell Tract II to any other party or parties, which first right of refusal, upon written notice from Optionors, must be exer-cised by Optionees within thirty (30) days from such notice."

The agreement did not say how long the Watkins' right of first refusal was to last. As consideration for the rights granted by the Pauls, the Watkins paid them $100,

which was to be credited toward the purchase price of Tract I in the event that the Watkins exercised their option to purchase that parcel. The respondents assert, and the appellants do not deny, that the Paul-Watkins option agreement was never recorded. This assertion is based primarily upon respondent V. N. Richardson's statement (in his deposition) to the effect that his lawyer had conducted a "cursory examination" of the title and had reported that "there were no clouds apparent as of record."

Within the ninety days allowed by the Paul-Watkins agreement, Watkins exercised the option to purchase Tract I (on April 16, 1964). Under the terms of the original agreement, Watkins then had one year (until April 16, 1965) to purchase Tract II, at the price stated therein. Since Watkins did not exercise this option to purchase Tract II within the time permitted, he then had "the right to purchase Tract II * * * on the same terms and conditions that Optioners are willing to sell Tract II to any other party."

Paul never indicated to Watkins his willingness to sell Tract II to any other party; nevertheless, on May 13, 1968, Paul gave to the Richardsons an "exclusive option" to purchase Tract II for $35,000. The Richardsons planned to use Tract II as part of a twenty-seven acre mobile home park; whether the land should be put to this use was the subject of some controversy. Between May and November, 1968, seven public hearings on the question were held before local planning and zoning authorities. At least nine articles on the subject and on the hearing proceedings were published in the Idaho Statesman newspaper.

On April, 2, 1970, Watkins' attorney wrote Paul a letter which stated that Watkins had learned that Paul had granted an option on Tract II to another party. The letter asserted Watkins' right to purchase the property on the same terms and conditions offered by Paul in that option. In a letter dated April 7, 1970, Paul's attorney responded, taking the position that Watkins' right of first refusal would not accrue until the third-party option had actually been exercised. On April 15, 1970, Watkins' attorney sent Paul a letter in which Watkins' thereby purported to exercise the right of first refusal granted to him by Paul; this letter took the position that "the option which you gave to Mr. K. R. Richardson constitutes a binding offer upon your part to sell the property to him * * * and therefore, under the Option Agreement dated January 22, 1964, Mr. Watkins has a right to purchase the property under the same terms and conditions that you were willing, and have obligated yourself, to sell Tract II to the Richardsons." In response to this, Paul's attorney reiterated the view that Paul had no duty to offer the property to Watkins until the Richardson option was exercised. In this letter of April 22, 1970, Paul's attorney also stated that "in the event Mr. Richardson does not exercise the option, Mr. Paul does not intend to offer the property for sale to Mr. Watkins." In addition, Paul's attorney took the position that Watkins' right of first refusal was unenforceable (1) because of inadequate consideration and (2) because the contract did not contain any time limit during which Paul would be required to recognize Watkins' alleged right.

On May 1, 1970, the complaint in this action and a lis pendens were filed. Sometime between May 1 and May 13, 1970, the Richardsons exercised their option to purchase Tract II, apparently without any actual knowledge of the prior Paul-Watkins option agreement giving Watkins a right of first refusal on Tract II. Upon exercising this option the Richardsons paid $2,600 to Paul and their $400 in option fees were also credited against the $35,000 purchase price.

After all parties had moved for summary judgment, the district court granted summary judgment in favor of the Richardsons on the grounds that they were bona fide purchasers for value without notice and that the Watkins had an adequate remedy at law in ascertainable damages.

As to whether Paul is liable *in damages* to Watkins, the district court concluded that there remained unresolved a genuine issue of material fact; the court therefore denied the Watkins' motion for summary judgment against Paul and the latter's motion for summary judgment against the former.

In their respective briefs, appellants (the Watkins) and respondent Paul both contend that the district court erred in *denying* each of their motions for summary judgment against the other. However, the denial of these motions for summary judgment is not properly before us for consideration. The notice of appeal indicates that only the order granting summary judgment in favor of the Richardsons has been appealed.

█ In regard to the order granting summary judgment, it is well settled in Idaho that this Court must construe the evidence presented to the district court liberally in favor of the party opposing the order and accord him the benefit of all inferences which might reasonably be drawn. Straley v. Idaho Nuclear Corp., 94 Idaho 917, 500 P.2d 218 (1972); Rawlings v. Layne & Bowler Pump Co., 93 Idaho 496, 465 P.2d 107 (1970).

The Watkins contend that the district court erred in concluding that they have an adequate remedy at law in ascertainable damages. On this issue, both sides rely upon Suchan v. Rutherford, 90 Idaho 288, 295, 410 P.2d 434, 438 (1966), in which this Court stated that:

> "The basic, underlying rule is that equity will not intervene where the aggrieved party has a plain, speedy, adequate, and complete remedy at law. However, in the case of contracts involving the sale or lease of land, the courts assume that the aggrieved party does not have an adequate remedy at law and is entitled to specific performance."

In that case, the Court went on to decide that under the circumstances there presented the real property vendor did not have the right to obtain specific performance because his remedy at law in damages was plain, speedy, adequate, and complete.

█ Here, as in Suchan v. Rutherford, *supra,* "[i]t cannot be seriously contended that the remedy at law via damages was not adequate, plain, speedy, and complete in this case." *Id.* at 303, 410 P.2d at 443. The evidence fails to show that the plaintiffs need the land in question for any particular, unique purpose, which is one of the main reasons for granting specific performance; on the contrary, the plaintiffs' own evidence shows that they seek to obtain the land only so that they may resell it for profit. Under these circumstances, specific performance would bring the plaintiffs no greater relief than would damages in the amount of their lost profit.

Therefore, even if the Watkins possess an enforceable right of first refusal, and even if the Richardsons were not bona fide purchasers for value without notice, this is not a proper case for specific performance, and that relief was properly denied.

Judgment affirmed. Costs to respondents.

SHEPARD, McQUADE, and McFADDEN, JJ., and SCOGGIN, District Judge, concur.