# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39229

| | | |
|---|---|---|
| BOISE MODE, LLC, an Illinois limited liability company, successor-in-interest of MODE BUILDING LIMITED PARTNERSHIP, an Idaho limited partnership, | ) ) ) ) ) | Boise, December 2012 Term |
| | ) | 2013 Opinion No. 10 |
| Plaintiff-Counterdefendant-Respondent, | ) ) | Filed: January 24, 2013 |
| v. | ) ) | Stephen Kenyon, Clerk |
| DONAHOE PACE & PARTNERS LTD, an Idaho corporation, | ) ) ) ) | |
| Defendant-Counterclaimant-Appellant, | ) ) ) | |
| and | ) ) | |
| TIMOTHY PACE, | ) ) | |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

The decision of the district court is affirmed.

Lopez & Kelly, PLLC, Boise, for appellants. Nathan Ohler argued.

Hawley Troxell Ennis & Hawley LLP, Boise, for respondent. Steven F. Schossberger argued.

_____

HORTON, Justice.

This appeal arises from a commercial lease dispute. Boise Mode, LLC leased space in its building to Donahoe Pace & Partners, Ltd. (DPP). Timothy Pace executed a personal guarantee for the lease. During the term of the lease, Boise Mode remodeled part of the building for another tenant. After raising concerns to Boise Mode about the adverse effects of the construction to its business, DPP eventually stopped paying rent and vacated the premises prior

1

to the end of the lease. Boise Mode then brought an action against DPP, alleging breach of contract, and against Pace for breaching the guarantee. DPP counterclaimed, alleging that the disruption caused by the construction constituted breach of contract and constructive eviction. After Boise Mode moved for summary judgment on all claims and counterclaims, DPP requested a continuance to complete discovery. The district court denied DPP's motion and ultimately granted Boise Mode's motion for summary judgment. DPP appealed from the summary judgment as well as from the district court's denial of its request for a continuance. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Boise Mode and DPP entered into a lease agreement (Agreement) in November 2006, under which DPP agreed to lease Suite 350 in Boise Mode's building at 800 W. Idaho Street in Boise (the Premises) from December 1, 2006 to May 31, 2010. Among its provisions, the Agreement contains the following:

> [¶ 2.1] Landlord reserves the right to affect such other tenancies in the Facility as Landlord, in its sole discretion, deems appropriate and Tenant does not rely on Landlord's leasing to any specific tenant, or to any number of tenants, any space in the Facility.
> . . .
>
> [¶ 4.1] Tenant shall pay to Landlord as monthly Base Rent for the Premises the amount specified. . . . Except as specifically provided herein, there shall be no deduction, offset or abatement for any reason of the rent or any money payable by Tenant to Landlord.
> . . .
>
> [¶ 19.3] Landlord agrees that Tenant, upon paying the rent and other monetary sums due under this Lease and performing the covenants and conditions of this Lease and upon recognizing purchaser as Landlord, may quietly have, hold and enjoy the Premises during the term [of the Agreement] . . . .

In addition to the lease, Timothy Pace executed an instrument titled "Personal Guarantee of Lease," in which he guaranteed immediate payment of all money DPP owed to Boise Mode under the Agreement upon written notice from Boise Mode.

At some point around August 2008, DPP began to express its concerns regarding the construction taking place in the building and asked Boise Mode to address those issues. Then, in December 2008, DPP stopped paying rent. DPP remained in the Premises and the parties continued to negotiate regarding DPP's concerns about the construction, which ended early in 2009. Finally, in October 2009, Boise Mode notified DPP that it had three days to either become current on rent or vacate the Premises. DPP vacated the Premises in November 2009.

2

Boise Mode filed its complaint in January 2010. DPP answered and filed counterclaims for constructive eviction, breach of contract, and breach of the covenant of good faith and fair dealing. On April 8, 2010, DPP served its initial discovery requests on Boise Mode. Boise Mode served its answers to DPP's interrogatories, requests for admission, and requests for production of documents on May 10, 2010. The trial was rescheduled from December 8, 2010 to February 23, 2011. In accordance with the district court's scheduling order, Boise Mode filed its summary judgment motions on November 24, 2010 and noticed the hearing for December 22, 2010.

On December 8, 2010, instead of opposing summary judgment directly, DPP moved for a continuance of the summary judgment proceedings, arguing that some of Boise Mode's discovery responses were insufficient. The district court denied the Rule 56(f) motion. The district court granted Boise Mode's motions for summary judgment and entered a final judgment on January 5, 2011. On March 2, 2011, the district court granted DPP's motion to amend the judgment, thus vacating its grant of summary judgment for Boise Mode. In its ruling, the district court found that DPP's motion was both a motion for reconsideration under I.R.C.P. 11(a)(2)(B) and a motion to amend under Rule 59(e). Boise Mode then filed its own motion pursuant to I.R.C.P. 11(a)(2)(B), requesting the court to reconsider this reversal of its earlier decision. On June 21, 2011, the district court granted Boise Mode's motion, effectively reinstating the grant of summary judgment for Boise Mode. A second final judgment was entered on August 26, 2011, awarding damages and attorney fees to Boise Mode and dismissing DPP's counterclaims with prejudice. DPP timely appealed.

## II. STANDARD OF REVIEW

This Court exercises free review over questions regarding the interpretation of the Idaho Rules of Civil Procedure. *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010) (citing *Canyon Cnty. Bd. of Equalization v. Amalgamated Sugar Co.,* 143 Idaho 58, 60, 137 P.3d 445, 447 (2006)). "The decision to grant or deny a Rule 56(f) continuance is within the sound discretion of the trial court." *Taylor v. AIA Services Corp.*, 151 Idaho 552, 572, 261 P.3d 829, 849 (2011) (citing *Carnell v. Barker Mgmt.,* 137 Idaho 322, 329, 48 P.3d 651, 658 (2002)). When reviewing a discretionary decision of the district court, this Court "determine[s] whether the court (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with applicable legal standards; and (3) reached its decision by

an exercise of reason." *Blackmore v. Re/Max Tri-Cities, LLC*, 149 Idaho 558, 563, 237 P.3d 655, 660 (2010) (citing *Lee v. Nickerson,* 146 Idaho 5, 9, 189 P.3d 467, 471 (2008)).

This Court exercises free review over appeals from a district court's grant of summary judgment, applying the same standard the district court used in ruling on the motion. *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue,* 148 Idaho 391, 394, 224 P.3d 458, 461 (2008)). Under that standard, summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Cristo Viene Pentecostal Church v. Paz,* 144 Idaho 304, 307, 160 P.3d 743, 746 (2007).

The party initially bringing the motion has the burden to prove that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 746, 215 P.3d 457, 466 (2009) (citing *Cafferty v. Dep't of Transp., Div. of Motor Vehicle Servs.,* 144 Idaho 324, 327, 160 P.3d 763, 766 (2007)). After the moving party meets this burden, "the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact." *Asbury Park, LLC v. Greenbriar Estate Homeowners' Ass'n, Inc.*, 152 Idaho 338, 343-44, 271 P.3d 1194, 1199-1200 (2012) (quoting *Chandler v. Hayden,* 147 Idaho 765, 769, 215 P.3d 485, 489 (2009)). This Court will "construe the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences in that party's favor." *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 238, 108 P.3d 380, 385 (2005) (citing *Thompson v. Pike,* 125 Idaho 897, 899, 876 P.2d 595, 597 (1994)). However, "the adverse party may not rest upon mere allegations in the pleadings, but must set forth by affidavit specific facts showing there is a genuine issue for trial." *Curlee*, 148 Idaho at 394-95, 224 P.3d at 461-62 (quoting *Rhodehouse v. Stutts,* 125 Idaho 208, 211, 868 P.2d 1224, 1227 (1994)).

### III. ANALYSIS

**A. The district court did not abuse its discretion in denying DPP's continuance motion.**

DPP argues that the district court's denial of its Rule 56(f) motion for a continuance was an abuse of discretion because motions for continuance under this rule are generally favored and the court's reason for its denial was inconsistent with the legal standard for considering a request

for a continuance. Boise Mode contends that the court acted within its discretion because DPP did not properly justify its motion by demonstrating the relevance and necessity of the additional discovery it sought. We hold that the district court did not abuse its discretion.

A motion for summary judgment is decided based upon the "pleadings, depositions, and admissions on file," along with any supporting affidavits. I.R.C.P. 56(c). Thus, the standard contemplates the existence of an adequate record and it follows that a party opposing summary judgment must be afforded an adequate opportunity to conduct discovery to make that record. *See Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986)). Under the Idaho Rules of Civil Procedure, the district court may grant a continuance to allow additional time for a party resisting summary judgment to obtain affidavits in opposition to the motion:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

I.R.C.P. 56(f). However, this Court has explained that when seeking a continuance under Rule 56(f), the moving party "must 'do so *in good faith* by affirmatively demonstrating why he cannot respond to a movant's affidavits . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2005) (emphasis added) (quoting *Allen v. Bridgestone/Firestone, Inc.,* 81 F.3d 793, 797 (8th Cir.1996)). The Court also explained that the movant "has the burden of setting out 'what further discovery would reveal that is essential to justify their opposition,' making clear 'what information is sought and how it would preclude summary judgment.'" *Id.* (quoting *Nicholas v. Wallenstein,* 266 F.3d 1083, 1088–89 (9th Cir.2001)).

In *Jenkins*, the plaintiff requested additional time to respond to a motion for summary judgment because the case was complex and there were outstanding requests for written discovery and depositions. *Id.* at 238, 108 P.3d at 385. In the supporting affidavit, the plaintiff's attorney stated that "he believed the discovery would produce additional documents and testimony supporting the Jenkins' theories, and that he required the opportunity to use the responses and testimony in additional discovery in order to thoroughly respond to summary

5

judgment." *Id.* This Court held that the district court did not abuse its discretion in denying the motion because "the affidavit . . . did not specify what discovery was needed" to properly respond to the summary judgment motion, "and did not set forth how the evidence he expected to gather through further discovery would be relevant to preclude summary judgment." *Id.* at 239, 108 P.3d at 386. Similarly, in *Taylor v. AIA Services Corporation*, the district court denied a plaintiff's Rule 56(f) motion for additional time to conduct discovery. 151 Idaho 552, 572, 261 P.3d 829, 849 (2011). The court ruled that the plaintiff had more than a year to conduct discovery and that the motion did not set forth what relevant information the plaintiff needed or provide a "reasonable basis to believe additional discovery will produce new or relevant information not previously disclosed . . . ." *Id.* This Court affirmed the district court's decision, noting that the plaintiff had failed to rebut "the district court's finding that he failed to point to any information or document that may be relevant to" his opposition to the motion for summary judgment. *Id.*

The purpose of Rule 56(f) is to ensure that the non-moving party has adequate time to conduct necessary discovery. This case presents an issue not previously addressed by our earlier decisions regarding Rule 56(f), specifically, whether the trial court may consider a party's lack of diligence in pursuing discovery prior to the motion. The Idaho Rules of Civil Procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." I.R.C.P. 1. Parties have a significant interest in the timely and economical resolution of legal disputes. Indeed, art. I, § 18 of the Idaho Constitution requires the courts of this state to provide "a speedy remedy" to aggrieved parties and to administer justice without delay. We hold that the legal standard governing the district court's exercise of discretion when deciding a Rule 56(f) motion permits consideration of the moving party's previous lack of diligence in pursuing discovery

In this case, DPP served its initial discovery requests on Boise Mode on April 8, 2010. Boise Mode served its answers to DPP's interrogatories, requests for admission, and requests for production of documents on May 10, 2010. The trial was scheduled for February 23, 2011, and the district court's order setting the trial proceedings provided that the last day to initiate discovery would be 60 days prior to trial and that all motions, specifically including those for summary judgment, were to be heard no later than 60 days before trial. In accordance with the district court's scheduling order, Boise Mode filed its summary judgment motions on November

24, 2010 and noticed the hearing for December 22, 2010, which was 63 days before the scheduled trial. On December 8, 2010, more than six months after receiving Boise Mode's discovery responses, and just 17 days prior to the discovery cut-off, DPP moved for a continuance, arguing that some of Boise Mode's discovery responses were insufficient.[1] The district court, noting its discretion, denied the Rule 56(f) motion on the ground that "DPP and Pace did not provide sufficient reasoning as to why six months intervened between the receipt of initial discovery answers[,] which they allege were unsatisfactory[,] and any attempt to discover additional relevant information."

The record does not contain any indication that DPP objected to the sufficiency of Boise Mode's discovery responses prior to the summary judgment motions. Counsel for Boise Mode avers that between May 10, 2010 and December 8, 2010, he received no communication from DPP expressing any dissatisfaction with Boise Mode's responses. As evidenced by these facts, DPP had Boise Mode's discovery responses for more than six months before Boise Mode moved for summary judgment. In the affidavit supporting DPP's continuance motion, counsel sets forth the information it seeks and supports its request with an explanation of how the information is essential to justify its opposition to Boise Mode's summary judgment motions. While the justification is more detailed than in *Jenkins*, DPP gives no explanation for the six-month delay in attempting to obtain the desired discovery.[2] As this Court held in *Jenkins*, a district court does not abuse its discretion in denying a Rule 56(f) motion if it "recognized it had the discretion to deny the motion, articulated the reasons for so doing and exercised reason in making the decision." 141 Idaho at 239, 108 P.3d at 386. Here, the district court recognized its discretion and announced its rationale for the denial by an exercise of reason. The articulated reasons are consistent with the policies underlying the Idaho Rules of Civil Procedure, including Rule 56(f). Consequently, we hold that the district court's denial of DPP's motion was not an abuse of discretion.

**B. The district court did not err in hearing Boise Mode's motion for reconsideration.**

DPP asserts that the district court erred in "considering and ruling on" the motion for reconsideration because the order was entered pursuant to DPP's Rule 59(e) motion and, under

---

[1] We note that DPP did not ask that the Order Setting Proceedings and Trial be amended or that the trial be continued.

[2] The district court reversed its grant of summary judgment on March 2, 2011. After this order was entered, it appears that DPP waited another six weeks before attempting to obtain this information from Boise Mode.

the plain language of Rule 11(a)(2)(B), the court cannot reconsider orders entered pursuant to Rule 59(e). Boise Mode replies that DPP's interpretation of Rule 11(a)(2)(B) is incorrect and that the rule does not preclude its motion in this case. In the alternative, Boise Mode contends that even if DPP's interpretation is correct, the district court ruled that DPP's motion was both a Rule 59(e) motion to amend the judgment and a Rule 11(a)(2)(B) motion to reconsider the original order granting summary judgment and therefore, its motion is not precluded as to DPP's Rule 11(a)(2)(B) motion.[3] We hold that the district court did not err in reconsidering Boise Mode's motion for summary judgment because the district court's original judgment was vacated upon its order granting DPP's Rule 59(e) motion.

The issue on appeal is whether the district court was permitted to hear Boise Mode's motion under Rule 11(a)(2)(B). Thus, the question turns upon the interpretation of the Rules of Civil Procedure, which is "a matter of law over which this Court has free review." *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010) (citing *Canyon Cnty. Bd. of Equalization v. Amalgamated Sugar Co.,* 143 Idaho 58, 60, 137 P.3d 445, 447 (2006)). In full, Rule 11(a)(2)(B) provides:

> A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment. A motion for reconsideration of any order of the trial court made after entry of final judgment may be filed within fourteen (14) days from the entry of such order; provided, there shall be no motion for reconsideration of an order of the trial court entered on any motion filed under Rules 50(a), 52(b), 55(c), 59(a), 59(e), 59.1, 60(a), or 60(b).

Considering the plain language of the rule and its structure, there are two different kinds of orders that may be reviewed. The first sentence permits a court to reconsider interlocutory orders any time prior to entry of final judgment and the second sentence bars the court's reconsideration of orders that are made 1) after entry of final judgment, and 2) pursuant to a party's Rule 59(e) motion. "This Court has repeatedly held that I.R.C.P. 11(a)(2)(B) provides a district court with authority to reconsider and vacate interlocutory orders so long as final judgment has not been entered." *Elliott v. Darwin Neibaur Farms*, 138 Idaho 774, 785, 69 P.3d 1035, 1046 (2003) (citing *Telford v. Neibaur,* 130 Idaho 932, 950 P.2d 1271 (1998); *Sammis v. Magnetek Inc.,* 130

---

[3] Although not necessary to the resolution of this issue, we note that the district court did not err in considering DPP's motion as both a Rule 59(e) motion to amend and as a Rule 11(a)(2)(B) motion to reconsider.

Idaho 342, 346, 941 P.2d 314, 318 (1997); *Farmers Nat'l Bank v. Shirey,* 126 Idaho 63, 878 P.2d 762 (1994)).[4]

An interlocutory order is one that "relates to some intermediate matter in the case; any order other than a final order." *Williams v. State, Bd. of Real Estate Appraisers*, 149 Idaho 675, 678, 239 P.3d 780, 783 (2010) (quoting Black's Law Dictionary 1123 (7th ed.1999)); *see also Newell v. Newell,* 77 Idaho 355, 362, 293 P.2d 663, 667 (1956) ("Interlocutory means provisional, only temporary, not final; not a final decision of the whole controversy; made or done during the progress of an action: intermediate order."); *Evans State Bank v. Skeen*, 30 Idaho 703, 167 P. 1165, 1166 (1917) ("A judgment, order, or decree which is intermediate or incomplete and, while it settles some of the rights of the parties, leaves something remaining to be done in the adjudication of their substantial rights in the case by the court entertaining jurisdiction of the same, is interlocutory."). Thus, an interlocutory order is an order that is temporary in nature or does not completely adjudicate the parties' dispute.

In this case, the order that Boise Mode moved the district court to reconsider was the order of March 2, 2011. The effect of the court's March 2 order was to reverse the original grant of summary judgment in favor of Boise Mode and vacate the judgment in its favor, thus recommencing the litigation. Because the March 2 order was not a final order and its entry did not complete the adjudication of the parties' rights, it was an interlocutory order. In the absence of a final judgment, it was proper for the district court to revisit the merits of Boise Mode's prior summary judgment motion. We therefore hold that Boise Mode's motion for reconsideration was permissible under Rule 11(a)(2)(B).

## C. The district court's grant of summary judgment in favor of Boise Mode was proper.

DPP argues that material questions of fact exist as to whether Boise Mode breached the contract prior to DPP withholding rent. DPP contends that if Boise Mode breached, any breach on its part is excused and therefore summary judgment was improper both as to Boise Mode's claims and its own counterclaim. Boise Mode responds that the Agreement's language does not permit DPP to withhold rent for any reason. Thus, Boise Mode argues, summary judgment was proper on its claims because DPP's nonperformance was not excused. Boise Mode also contends that summary judgment was proper as to the counterclaims because it is undisputed that DPP

---

[4] This includes reconsideration of a court's grant of summary judgment. *See Arregui v. Gallegos-Main*, 2012 WL 1557284 at *8 (Idaho May 4, 2012); *Kepler-Fleenor v. Fremont Cnty.*, 152 Idaho 207, 210, 268 P.3d 1159, 1162 (2012); *PHH Mortg. Servs. Corp. v. Perreira*, 146 Idaho 631, 635-36, 200 P.3d 1180, 1184-85 (2009).

stopped paying rent before vacating and a tenant cannot maintain an action for constructive eviction unless it is current on rent payments. Further, Boise Mode contends that the other counterclaims depend on the constructive eviction counterclaim and thus fail as well. We hold that summary judgment was proper as to both Boise Mode's claims and DPP's counterclaims.

"Freedom of contract is a fundamental concept underlying the law of contracts." *Jesse v. Lindsley*, 149 Idaho 70, 75, 233 P.3d 1, 6 (2008) (citing *Rawlings v. Layne & Bowler Pump Co.,* 93 Idaho 496, 499, 465 P.2d 107, 110 (1970)). Thus, parties may draft a contract to avoid some duties and liabilities that would normally be part of the contractual relationship. *Id.* (citing *Anderson & Nafziger v. G.T. Newcomb, Inc.,* 100 Idaho 175, 178, 595 P.2d 709, 712 (1979)). However, these exculpatory provisions are generally disfavored and courts therefore strictly construe them "against the person relying on them, especially when that person is the preparer of the document." *Id.* This Court has held that provisions purporting to excuse liability "must speak clearly and directly to the conduct to be immunized from liability." *Id.* Thus, a party may eliminate or restrict its liability under a contract if the language is unambiguous as to the nature of the excused liability.[5]

When interpreting a written contract, this Court "begins with the language of the contract itself." *Cristo Viene Pentecostal Church v. Paz,* 144 Idaho 304, 308, 160 P.3d 743, 747 (2007) (quoting *Independence Lead Mines Co. v. Hecla Mining Co.,* 143 Idaho 22, 26, 137 P.3d 409, 413 (2006)). If a contract's language is unambiguous, "then its meaning and legal effect must be determined from its words." *Id.* (citing *Shawver v. Huckleberry Estates, LLC,* 140 Idaho 354, 361, 93 P.3d 685, 692 (2004)). An ambiguous contract is one that is "reasonably subject to conflicting interpretations." *Id.* (quoting *Lamprecht v. Jordan, LLC*, 139 Idaho 182, 185, 75 P.3d 743, 746 (2003)). "Determining whether a contract is ambiguous is a question of law over which this Court exercises free review." *Id.* (citing *Lamprecht*, 139 Idaho at 185, 75 P.3d at 746). Unless the facts are undisputed, the existence of a breach is generally a question of fact. *Borah v.*

---

[5] This Court has held that exculpatory provisions such as these are permissible in a variety of contexts. *See, e.g.*, *Harris v. State, ex rel. Kempthorne*, 147 Idaho 401, 405-06, 210 P.3d 86, 90-91 (2009) (approving a mineral lease provision that placed the responsibility for determining ownership of mineral rights on the lessee and absolved the lessor from liability for any subsequent divestment of ownership); *Jesse v. Lindsley*, 149 Idaho 70, 75, 233 P.3d 1, 6 (2008) (holding that a party may contractually exempt itself from liability for negligence so long as two conditions are met); *Suitts v. First Sec. Bank of Idaho, N.A.*, 100 Idaho 555, 560, 602 P.2d 53, 58 (1979) (approving an escrow agreement that permitted the escrow holder to withhold the escrowed documents from the buyer, in lieu of payment, until a judicial determination of its rights and duties).

10

*McCandless*, 147 Idaho 73, 79, 205 P.3d 1209, 1215 (2009) (citing 23 Richard A. Lord, *Williston on Contracts* § 63:15 (4th ed.2002); 17A Am.Jur.2d *Contracts* § 591).

In this case, the material facts are undisputed. The factual basis is the same for both Boise Mode's claims and DPP's counterclaims. The parties entered into a lease agreement in 2006 that was to run from December 1, 2006 to May 31, 2010. Boise Mode was performing some construction on the building during the first part of that term, but the construction was complete sometime before June 2009. In December 2008, DPP stopped paying rent. After the parties failed to resolve their differences, DPP vacated the premises in November 2009 and made no further rent payments. Therefore, we turn to the language of the contract to determine whether there is a genuine issue of material fact as to DPP's claims of breach and constructive eviction.

The relevant contract language is unambiguous. The Agreement provides in section 4.1: "Except as specifically provided herein, there shall be *no deduction, offset or abatement for any reason of the rent* or any money payable by Tenant to Landlord." Additionally, the Agreement places conditions upon DPP's right to quiet enjoyment:

> Landlord agrees that Tenant, *upon paying the rent and other monetary sums due under this Lease and performing the covenants and conditions of this Lease and upon recognizing purchaser as Landlord*, may quietly have, hold and enjoy the Premises during the term hereof; subject, however, to loss by casualty and all restrictions and covenants contained or referred to in this Lease.

(emphasis added). Thus, DPP validly contracted away its right to withhold rent and conditioned its right to quiet enjoyment upon keeping rent payments current.

Under the unambiguous language of the contract, DPP breached the contract by withholding rent in violation of ¶ 4.1 of the Agreement and thereby violated the covenant of good faith and fair dealing[6] by denying Boise Mode the benefit of receiving rent. Likewise, the personal guarantee provides that Pace guarantees "payment when due, or upon demand after the due date, all obligations and the full amount of money that Tenant now or in the future owes Landlord arising under or relating to the Lease . . ." and that "[i]f Tenant shall fail to pay all or any part of the Liabilities when due, . . . [Pace] will pay to the Landlord the full amount of the

---

[6] Violation of the covenant of good faith and fair dealing is tied to the performance of the contract, and "a violation of the covenant occurs when either party violates, nullifies or significantly impairs any benefit of the contract." *Fox v. Mountain W. Elec., Inc.*, 137 Idaho 703, 710-11 52 P.3d 848, 855-59 (2002) (citing *Idaho Power Co. v. Cogeneration, Inc.,* 134 Idaho 738, 750, 9 P.3d 1204, 1216 (2000)).

Liabilities . . . ." Therefore, because DPP owes Boise Mode for its breach, and Pace has not paid in its place, he has breached the guarantee. Therefore we hold that summary judgment is proper as to Boise Mode's affirmative claims.

DPP's counterclaims are also premised upon Boise Mode's alleged breach and the resulting denial of the contractual benefits. However, as explained above, the contract language conditioned DPP's right of quiet enjoyment upon its payment of rent. Therefore, because it is undisputed that DPP failed to pay rent as required by the contract, summary judgment is also appropriate regarding DPP's counterclaims.

**D. Boise Mode is entitled to attorney fees on appeal.**

Boise Mode seeks attorney fees on appeal pursuant to Idaho Code § 12-120(3) and § 12-121 and pursuant to the terms of the lease and personal guarantee. The Agreement provides that:

> 22.7 COST OF SUIT. If Tenant or Landlord shall bring any action for any relief against the other, declaratory or otherwise, arising out of this Lease, including any suit by Landlord for the recovery of rent or possession of the Premises, the losing party shall pay the successful party a reasonable sum for attorneys' fees which shall be deemed to have accrued on the commencement of such action and shall be paid whether or not such action is prosecuted to judgment. . . .

The personal guarantee similarly provides that in a proceeding against a guarantor, "the prevailing party shall be entitled to recover its reasonable attorney fees, expert witness fees, and costs . . . ." Thus, because Boise Mode is the prevailing party, it is entitled to attorney fees on appeal under the terms of both the Agreement and the guarantee.

## IV. CONCLUSION

We affirm the district court's order denying DPP's request for a continuance and its order granting Boise Mode's motion for reconsideration. Additionally, we affirm the district court's judgment granting summary judgment in favor of Boise Mode with respect to both its claims and DPP's counterclaims. Costs and attorney fees to Boise Mode.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.