**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44719**

| | |
|---|---|
| C&M INVESTMENT GROUP, LTD., and KARLIN HOLDINGS LIMITED PARTNERSHIP, | ) ) ) ) ) |
| Plaintiffs-Respondents, | ) ) |
| v. | ) ) |
| NEIL DAVID CAMPBELL, individually, | ) ) |
| Defendant-Appellant, | ) ) |
| and | ) ) |
| PHILIP RICHARD POWERS, individually; POWERS INVESTMENTS AND MANAGEMENT, INC., S.A., a corporation, GUANANA GRIS, S.A., a corporation; PROTECCION FORESTAL DE TACA, S.S., a corporation; and DOES 1 through 50 inclusive, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Filed:  October 9, 2018

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County.  Hon. Robert J. Elgee, District Judge.

Judgment of contempt and imposition of sanctions, <u>affirmed</u>.

Neil David Campbell, Ketchum, pro se appellant.

Lawson Laski Clark & Pogue, PLLC; Erin Farrell Clark, Ketchum, for respondents.

LORELLO, Judge

Neil David Campbell appeals from the district court's judgment of civil and criminal contempt and sanctions.  Campbell argues that the district court erred in imposing criminal

1

sanctions because, although his civil and criminal contempt charges were consolidated for trial, once he was required to testify regarding two allegations of civil contempt during the consolidated trial, criminal sanctions could no longer be imposed. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

C&M Investment Group, LTD., and Karlin Holdings Limited Partnerhsip (hereinafter C&M) filed an affidavit alleging ten counts labeled "civil contempt" based on Campbell's failure to produce documents for a court-ordered debtor's examination and twenty-three counts labeled "criminal contempt" based on Campbell's false testimony during the debtor's examination.[1] All of the allegations were tried together in a bench trial.

At trial, C&M called Campbell to testify in relation to its civil contempt allegations. Campbell objected, arguing that he had a constitutional right against compelled self-incrimination and that I.R.C.P. 75 afforded him the same right. The district court found that Campbell could only be called to testify regarding the civil contempt allegations but could also "probably take the Fifth" depending on the questions asked. At the conclusion of trial, the district court found Campbell guilty of two of the civil contempt allegations[2] and thirteen of the criminal contempt allegations. With respect to its findings on the criminal contempt allegations, the district court stated they were "not based in any way on Campbell's testimony during trial (which related only to the civil contempt counts)" and that it did not draw any adverse inferences from Campbell's testimony or his silence. For the civil contempt counts, the district court ordered Campbell to serve an indeterminate jail sentence until he complied with the prior court orders requiring production of documents or until the district court determined a continuing jail

---

[1] Labeling contempt allegations as "civil" or "criminal" can be misleading. Such labels are more properly applied to the sanction imposed, not the allegation itself, particularly since civil contempt sanctions can be imposed in a criminal case, and criminal contempt sanctions can be imposed in a civil case. *See Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 862-63, 55 P.3d 304, 316-17 (2002). It appears the labels "civil" and "criminal" were used in this case to reflect the sanctions that were sought by C&M and imposed by the district court.

[2] C&M dismissed the remaining eight civil contempt allegations.

2

sentence would serve no purpose or Campbell no longer had the ability to comply. For the thirteen criminal contempt counts, the district court imposed consecutive five-day jail sentences, for a total of sixty-five days in jail. Campbell appeals.

## II.

## STANDARD OF REVIEW

This Court exercises free review over questions regarding the interpretation of the Idaho Rules of Civil Procedure. *Boise Mode, LLC v. Donahoe Pace & Partners Ltd.*, 154 Idaho 99, 103, 294 P.3d 1111, 1115 (2013). This Court also freely reviews constitutional questions. *McPherson v. McPherson*, 112 Idaho 402, 404, 732 P.2d 371, 373 (Ct. App. 1987).

## III.

## ANALYSIS

Campbell asserts it was error for the district court to impose sixty-five days in jail as a sanction for the thirteen counts of criminal contempt because the court did not afford Campbell his right against self-incrimination as required by I.R.C.P. 75(i)(2)(D). Specifically, Campbell contends that, although criminal sanctions were not imposed for all of the contempt allegations, because he received some criminal sanctions, he had a right not to testify at all in the proceedings. C&M argues that I.R.C.P. 75(i)(2) only applies in relation to criminal contempt allegations and, because Campbell was only subjected to questioning regarding C&M's civil contempt allegations, the rule was not violated. Alternatively, C&M argues that Campbell has failed to show prejudice because Campbell was not questioned about the criminal contempt allegations, and Campbell was allowed to invoke his right against self-incrimination without the district court drawing any adverse inferences from his silence. We hold that, because Campbell was afforded the right against self-incrimination, the district court did not err in imposing criminal sanctions.

Idaho Rule of Civil Procedure 75 governs contempt proceedings. The rule distinguishes civil sanctions from criminal sanctions in contempt proceedings. I.R.C.P. 75(a), (d). A civil sanction is conditional, which means the contemnor can avoid the sanction by doing the act he or she was previously ordered to do. I.R.C.P. 75(a)(6). A criminal sanction is unconditional, meaning the contemnor cannot avoid the sanction entirely or have the sanction cease by complying with a prior court order. I.R.C.P. 75(a)(7). A sanction that includes both conditional

3

and unconditional components is considered a criminal sanction. I.R.C.P. 75(a)(7). A criminal sanction can be imposed for any contempt. I.R.C.P. 75(a)(7). Before a court can impose a criminal sanction, an alleged contemnor must be afforded certain rights, including the right against self-incrimination. I.R.C.P. 75(i)(2)(D).

The sanction Campbell challenges on appeal is the aggregate sixty-five days in jail imposed for the thirteen counts that C&M and the district court described as criminal contempt. The sixty-five-day unconditional jail sanction is, by definition, a criminal sanction. *See* I.R.C.P. 75(a)(7). Thus, in order to impose the sanction, the district court was required to afford Campbell the right against self-incrimination prior to trial. *See* I.R.C.P. 75(i)(2); *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 864, 55 P.3d 304, 318 (2002). Although Rule 75(i)(2) does not specifically reference the Fifth Amendment in relation to the right against self-incrimination, we assume the right contemplated by the rule is co-extensive with the constitutional right. *See Camp*, 137 Idaho at 860-61, 55 P.3d at 314-15 (noting the distinction between civil and criminal contempt is important because of the federal constitutional rights the Supreme Court has held are applicable in nonsummary criminal contempt proceedings). The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." It is well-settled that the right extends to civil proceedings where the answers to questions might incriminate the individual in a future criminal proceeding. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). A witness protected by the privilege may rightfully refuse to answer unless and until the witness is granted immunity from the use of the compelled answers in any criminal case in which the witness is a defendant. *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984). If the witness is compelled to answer without immunity, the answers are inadmissible against the witness in any criminal prosecution. *Id.*

Campbell was afforded the right against self-incrimination in this case. Prior to C&M calling Campbell as a witness, the district court ruled that, although Campbell could not be required to answer any question in relation to the allegations for which C&M sought criminal sanctions, C&M could ask questions regarding the allegations for which C&M sought civil sanctions. Even as to the latter questions, Campbell could, and did, invoke his Fifth Amendment right not to answer. Although the district court indicated at the outset that it might draw an adverse inference from Campbell's refusal to answer, ultimately it stated in its decision that it did

4

not do so. Thus, we need not decide whether drawing an adverse inference from Campbell's silence was proper. The only issue before the Court is whether the district court complied with Rule 75(i)(2)'s self-incrimination requirement such that criminal sanctions could be imposed.

Campbell cites no authority that supports the proposition that his right against self-incrimination was denied merely because he was required to take the witness stand. Rule 75(i)(2) does not afford an alleged contemnor a blanket right not to testify in contempt proceedings. Rather, Rule 75(i) is retrospective in that it only limits a court's authority to impose criminal sanctions for contempt if certain rights were not afforded during the proceeding, including the right against self-incrimination. When Campbell thought his answer to a question could be incriminating, he invoked his right. On appeal, Campbell has failed to identify any incriminating answer he was compelled to give. Even if an incriminating response was compelled, the remedy would be that it could not be used against Campbell. The district court expressly stated that the criminal sanctions imposed were based solely on the documentary exhibits admitted and were not based on Campbell's testimony. Campbell has failed to meet his burden of showing that the district court erred in imposing the criminal sanctions.

**IV.**

**CONCLUSION**

The district court did not err in imposing criminal sanctions after finding Campbell guilty of contempt. The district court's judgment of contempt and imposition of sanctions is affirmed. Costs, but not attorney fees, are awarded to respondents.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

5